61750. FULLER v. THE STATE.

POPE, Judge.

1. Kevin Lester Fuller pled guilty to burglary in Douglas County and was sentenced to serve 12 years in confinement. The record shows that Fuller entered his guilty plea pursuant to an agreement negotiated by his court-appointed counsel and the assistant district

attorney whereby the state would recommend a sentence of 10 years in confinement to be served concurrently with a sentence Fuller had received in Clayton County. After hearing the state's recommendation, the trial court sentenced Fuller to "twelve years to serve so he will know he was in Douglas County." Fuller's sole enumeration on appeal asserts as error the trial court's failure to properly advise him of his right to withdraw his guilty plea when the trial court intended to reject the state's sentence recommendation.

Our Supreme Court has held that "at the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and the defendant. Further, if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. [Cits.] If the plea is not then withdrawn, sentence may be pronounced and the plea cannot thereafter be withdrawn except upon the sound legal discretion of the court." *State v. Germany,* 246 Ga. 455, 456 (271 SE2d 851) (1980). The record in this case shows, and the state concedes, that the trial court did not inform Fuller of its intention to reject the plea agreement or that its disposition of the case might be less favorable than that contemplated by the plea agreement or that he had a right to withdraw his plea as a result of the trial court's intention to reject the plea agreement. Accordingly, the judgment of the trial court must be reversed.

2. The state has moved to dismiss Fuller's appeal contending that he is not entitled to a direct appeal from the judgment based on his guilty plea "but must first receive an adverse ruling on either a motion to withdraw his plea or a writ of habeas corpus contesting voluntariness of the guilty plea." In support of this contention the state cites *Weathers v. State,* 149 Ga. App. 617 (255 SE2d 90) (1979), and *Moore v. State,* 116 Ga. App. 774 (158 SE2d 926) (1967). Both of these cases discuss the efficacy of particular motions to withdraw pleas — *Weathers* requiring a trial court to exercise its discretion based upon evidence to be developed at a hearing on a motion which had been filed within the same term of court as the entry of sentence; *Moore* upholding a trial court's denial of such a motion filed after the term of court at which sentence had been entered. Neither case stands for the proposition that either a motion to withdraw a plea or a writ of habeas corpus is a condition precedent to challenging the validity of a guilty plea on appeal. Indeed, such a requirement would be

tantamount to requiring a defendant to file a motion for new trial as a condition precedent to the filing of an appeal — a practice specifically barred by the Appellate Practice Act. Code Ann. § 6-702 (a). Therefore, the state's motion to dismiss is denied.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 11, 1981.

*Kenneth L. Shigley,* for appellant.

*W. A. Foster III, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.