## 40788. SMITH v. THE STATE.
(316 SE2d 757)

CLARKE, Justice.

This matter is before the Court on a certified question from the Court of Appeals: Is a timely filed appeal from a judgment of conviction a prescribed means to challenge a guilty plea?

The Court of Appeals has certified the above question to us because of an apparent conflict between that court's opinion in *Fuller v. State*, 159 Ga. App. 512 (284 SE2d 29) (1981), and language in *Conlogue v. State*, 243 Ga. 141 (253 SE2d 168) (1979). In *Fuller* the appeal was based upon the court's failure to inform the defendant of its intention to reject the district attorney's recommended plea bargain and of the defendant's right to withdraw his plea. The state moved to dismiss, contending a direct appeal does not lie from a judgment based on a guilty plea. The Court of Appeals held that neither a denial of a motion to withdraw the guilty plea nor an adverse ruling on a petition for a writ of habeas corpus is a condition precedent to a challenge of a guilty plea on appeal. Unlike *Fuller, Conlogue* involved a question of voluntariness, and the appeal was taken not directly from the judgment entered on the guilty plea but from a denial of a motion made in a subsequent term of court to withdraw the guilty plea. The Court noted in dicta, "[i]t has been held that a motion for new trial can not be employed as a means of withdrawing a guilty plea; nor can there be an appeal from a judgment entered on a guilty plea." Id. at 144. We disapprove the statement that there is no appeal from a judgment entered on a guilty plea. Where the question on appeal is one which may be resolved by facts appearing in the record, as in *Fuller v. State*, supra, a direct appeal will lie.

*So answered. All the Justices concur.*

DECIDED JUNE 19, 1984 — REHEARING DENIED JULY 16, 1984.

Claude Smith, *pro se.*
*Timothy G. Madison, District Attorney,* for appellee.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* amicus curiae.