## A89A1273. CRAIG v. THE STATE.
(384 SE2d 240)

DEEN, Presiding Judge.

Keith Gana Craig entered a non-negotiated guilty plea to three counts of violation of the Georgia Controlled Substances Act while maintaining his innocence pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). He was represented by counsel.

Prior to the court's acceptance of the plea, it posed a series of questions to Craig pertaining to his understanding of the entry of such a plea and inquired as to the State's evidence in the case. The plea hearing transcript shows that he understood his rights and the nature and consequences of entering such a plea. The court found that the guilty plea to the three offenses was freely and voluntarily entered, and that a factual basis existed for the entry of the plea. After the plea was accepted, the defendant presented several witnesses in mitigation of punishment and counsel made an argument on his behalf. The court sentenced him to five years' confinement followed by five years on probation. Counsel requested that appellant be

permitted to withdraw his plea, and the motion was denied. A second motion to withdraw the plea was filed and denied following a hearing. This appeal follows. *Held*:

It is always within the sound legal discretion of the trial court when ruling on a motion to withdraw a guilty plea after sentence has been pronounced. *Goss v. State*, 161 Ga. App. 539 (288 SE2d 253) (1982). The exercise of this discretion is, however, controlled by constitutional principles set forth in *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The State is required to prove that the defendant's guilty plea was voluntarily entered after a knowing waiver of his constitutional rights, i.e., the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Goss v. State*, supra.

An examination of the sentencing transcript reveals no error. When the court inquired as to the State's evidence and an alibi defense was revealed, the court inquired as to whether Craig was aware of the defense. He responded that he was and that he still wanted to plead guilty rather than go to trial. His attorney also indicated that he had discussed several possible defenses with the appellant. Craig informed the court that no person had coerced him into entering a guilty plea and that he fully understood the nature of the charges against him.

Appellant contends that a guilty plea is not considered voluntary unless the elements of the crime are explained to him on the record and that he did not know what "intent" meant. The transcript, however, shows that appellant understood intent was an essential element that the State was required to prove beyond a reasonable doubt. It is not necessary for the trial court to inform the accused personally of the elements of the crime to which he is pleading; " '(i)t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.' [Cit.]" *Clark v. State*, 186 Ga. App. 106, 107 (366 SE2d 361) (1988). We find no merit in this assertion.

Appellant next argues that he should be permitted to withdraw his plea because counsel informed him that a deal had been struck whereby he would receive a probated sentence or, at worst, ninety days to serve in addition to probation. The attorney who represented him at the sentencing hearing was not called as a witness.

The transcript indicates that appellant indicated that he had not been promised anything in exchange for his plea. "A person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel." *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986). Thus, appellant's testimony as to what his counsel informed him about the anticipated sentence in exchange

for his guilty plea would have no bearing on the court's decision to deny his motion to withdraw his guilty plea.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 5, 1989.

*Alan C. Manheim*, for appellant.

*Thomas J. Charron, District Attorney, Thomas Weathers, Debra H. Bernes, Assistant District Attorneys*, for appellee.