A93A1763. HALL v. THE STATE.
(437 SE2d 634)

BLACKBURN, Judge.

In a two-count indictment, the appellant, Ricky Hall, was charged with selling cocaine on July 9, 1992, and July 15, 1992, in violation of the Georgia Controlled Substances Act. Upon the advice of his retained counsel, Hall subsequently pled guilty to both counts and was sentenced to ten years' imprisonment on each, to serve five concurrently, with the remaining five years to be served on probation.

On January 4, 1993, the day that Hall was scheduled to begin serving his sentence, Hall moved the court for a new trial. In addition to asserting the general grounds in the motion, Hall asserted that his plea was not freely and voluntarily entered with an adequate understanding of the consequences thereof, and that the plea was entered without a factual basis. Hall later amended the motion for new trial, asserting that he was denied effective assistance of counsel and that

he had discovered new exculpatory evidence. He also moved the court for the granting of a reasonable bond pending the appeal. Following a hearing, the trial court denied both motions, and this appeal followed.

1. Hall maintains that his guilty plea was not freely and voluntarily given as it was based upon the tainted advice of an ineffective counsel. Hall asserts that counsel's inadequacies stem from his failure to interview a defense witness who could have provided exculpatory testimony, and failure to adequately prepare for his defense. Based upon counsel's alleged deficiencies, Hall argues that the trial court's denial of his motion for new trial was erroneous. We disagree.

Before a guilty plea is accepted by a trial court, the court must determine that the plea is voluntarily made and that the defendant intelligently and understandingly waives his constitutional rights with an understanding of the nature of the charges against him and the consequences of the plea. *Bacon v. State*, 201 Ga. App. 641 (411 SE2d 785) (1991). However, "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' [Cit.]" *Hill v. Lockhart*, 474 U. S. 52, 56 (106 SC 366, 88 LE2d 203) (1985). In challenging the competency of an attorney in a claim of ineffective assistance, a criminal defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In *Hill*, supra, the Supreme Court held that this two-prong test enunciated in *Strickland* is applicable to challenges to guilty pleas based upon counsel's ineffectiveness. Nevertheless, in order to satisfy the second prong of the *Strickland* test, that is, to meet the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, supra at 59.

Georgia appellate courts have recognized the *Hill* test in determining the effectiveness of counsel in the context of guilty pleas. See *Tarwater v. State*, 259 Ga. 516 (383 SE2d 883) (1989) (defendant's guilty plea was conditioned upon the guilty pleas of two co-defendants that had been represented by the same counsel as a part of plea-bargaining negotiations); *Curry v. Zant*, 258 Ga. 527 (371 SE2d 647) (1988) (failure to obtain an independent psychiatric evaluation of the defendant).

In the case sub judice, in support of his challenge to the voluntariness of his guilty plea, Hall presented the testimony and affidavit of an individual present during both sales, Harry Truman Rosser.

Rosser averred in his affidavit and at the hearing on defendant's motion for new trial, that on July 9, 1992, he was the individual who in fact sold contraband to the agent, and was incorrectly identified by an informant as Hall. He further denied Hall's involvement in the sale of cocaine on that date. Rosser also averred that he observed the July 15, 1992, meeting of Hall and the undercover officer and did not see Hall provide the officer with anything. Hall testified that he was unaware that Rosser could provide potentially exculpatory testimony at the time that he entered his plea of guilty.

Counsel testified that during his interview of Hall prior to the plea proceedings, Hall admitted to the sale of cocaine on the dates in question although he was uncertain as to whom he had sold the contraband. In preparation of Hall's defense, counsel interviewed the state's witnesses, including the chief investigative officer and the undercover agent to whom Hall sold the contraband. See *Harrell v. State*, 139 Ga. App. 556 (228 SE2d 723) (1976). Based upon his conversation with the undercover agent, he concluded that the agent could identify Hall at trial. Counsel also obtained discovery documentation from the state, including investigatory reports in which Rosser's name had appeared along with the names of other individuals present during the incidents, and discussed this material with Hall.

Counsel recommended that Hall enter a plea of guilty after Hall admitted to the commission of the offenses charged and after counsel's interview with a witness for the state who could have identified Hall at trial as the seller of the contraband.

Moreover, Hall does not intimate that he would have insisted on proceeding to trial but for counsel's alleged inadequacies as required under *Hill*. Inasmuch as Hall has failed to show that he has been prejudiced by counsel's alleged inadequacies, we must conclude that Hall's plea was intelligently and voluntarily entered with the benefit of competent counsel. Counsel's investigation was not inadequate in view of the admissions made to him by defendant, which admissions defendant did not rebut at the hearing on the motion for new trial. Considering the action taken by counsel in preparation of his defense, and the conflict in the testimony provided at the hearing, we cannot say that the trial court's finding that Hall had been afforded effective assistance of counsel was clearly erroneous. *Karvonen v. State*, 205 Ga. App. 852 (424 SE2d 47) (1992). Accordingly, this enumeration is without merit.

2. Following a hearing, the trial court issued an order denying Hall's motion for a supersedeas bond after due consideration of the requirements enunciated by the Supreme Court in *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976), concluding that there was a substantial risk that Hall would commit another felony. In an order of

August 20, 1993, we likewise denied Hall's motion for a supersedeas bond. In his second enumeration of error, Hall maintains that the trial court's denial of his appeal bond was erroneous. "However, the issue is moot because we affirm the conviction." (Citations and punctuation omitted.) *Dorminey v. State*, 205 Ga. App. 806, 808 (2) (423 SE2d 698) (1992); *Griffin v. State*, 199 Ga. App. 646, 649 (4) (405 SE2d 877) (1991).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993 —
RECONSIDERATION DENIED NOVEMBER 8, 1993 ▮

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*Peter J. Skandalakis, District Attorney, Agnes T. McCabe, David S. McLaughlin, Assistant District Attorneys*, for appellee.