A94A1714. KING v. THE STATE.
(449 SE2d 870)

RUFFIN, Judge.

Appellant, Arthur King, entered a non-negotiated guilty plea to aggravated assault and the trial court sentenced him to 15 years' imprisonment. Two days later, appellant filed a motion to withdraw the plea, asserting that he had been under the influence of drugs at the time he entered the plea. Subsequently, he amended the motion to assert ineffective assistance of counsel at the guilty plea hearing. This appeal follows the trial court's denial of that motion.

The State originally offered appellant a negotiated plea of six years to serve and placed a November 12, 1992 deadline for accepting that offer. Appellant rejected that offer and instead chose to go to trial. However, on November 16, 1992, appellant changed his mind and entered his non-negotiated plea of guilty.

At the hearing on the guilty plea, the prosecutor asked appellant if he understood that by pleading guilty he was waiving various rights, including the right to a jury trial, the right to subpoena witnesses, the right to cross-examine witnesses, the right to the assistance of counsel during a trial, the right to appeal a conviction, and

that the State would be required to prove his guilt beyond a reasonable doubt. Appellant indicated that he understood, and also acknowledged that he discussed his case fully with his attorney; he understood the nature of the charges against him; he had not been threatened or promised anything in exchange for the guilty plea; and that he was not under the influence of drugs or alcohol.

The trial court inquired of appellant's attorney whether, based upon his conversations with appellant, he believed appellant clearly understood the rights he would give up by pleading guilty, and whether he believed appellant was entering the guilty plea freely, voluntarily, and intelligently. To both inquiries, appellant's attorney responded affirmatively.

The State presented a summary of the factual basis of the charged offense, which was virtually uncontroverted by appellant other than the location of the victim's gunshot wound. Before accepting appellant's plea, the trial court gave him the opportunity to change his mind, and appellant reiterated his desire to plead guilty.

1. Appellant contends that his guilty plea was not entered voluntarily and intelligently because he had not been fully advised of all the constitutional rights he would waive by pleading guilty. Specifically, he points out that the trial court did not inform him of the presumption of innocence, the right to testify or offer other evidence, the right not to incriminate oneself, and that by pleading guilty or remaining silent one obtains a jury trial. He also contends that he was not advised of the consequences of pleading guilty prior to the trial court's acceptance of the plea.

Uniform Superior Court Rule 33.8 sets forth the factors that must be addressed by the trial court in determining the voluntariness of a guilty plea. However, the trial court's failure to comply fully with that rule is harmless, where the record as a whole demonstrates that appellant's plea was knowing and voluntary. *Wood v. State*, 190 Ga. App. 179, 181 (2) (378 SE2d 520) (1989).

The State may meet its burden of demonstrating that the guilty plea was entered voluntarily and intelligently either by (1) showing on the record of the guilty plea hearing that the defendant realized all the rights he was waiving and the possible consequences of his plea, or (2) using extrinsic evidence that shows that the guilty plea was knowing and voluntary. Id. at 180. In the instant case, most of the factors delineated in USCR 33.8 were addressed during the guilty plea hearing. During that hearing and the hearing on the motion to withdraw the plea, appellant's trial attorney indicated that appellant understood his rights and voluntarily entered the plea. Further, the attorney recalled discussing with appellant the State's earlier offer of a negotiated plea which appellant rejected, and warning appellant that he may receive a substantial sentence upon entering a "blind"

plea of guilty. The attorney also stated that although appellant appeared "hungover" at the hearing on the plea, he did not believe appellant had been under the influence of drugs.

Under the above circumstances, "[a]lthough the court did not specifically address each issue found in Superior Court Rule 33.8, we find the court's determination of voluntariness clearly supported by the record. We find no error. [Cit.]" *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986).

2. Appellant also contends that he should be able to withdraw his guilty plea because his trial attorney provided ineffective assistance during the hearing on the guilty plea.

However, to prevail on a claim of ineffective assistance of counsel, appellant must demonstrate that his trial attorney's "performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cit.]" *Hall v. State*, 210 Ga. App. 792, 793 (1) (437 SE2d 634) (1993). In the specific context of a challenge to a guilty plea based on counsel's ineffectiveness, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U. S. 52, 59 (106 SC 366, 88 LE2d 203) (1985).

In the instant case, appellant does not assert that he would have insisted on going to trial had it not been for his trial attorney's alleged errors. Rather, as found by the trial court, it appears that appellant in hindsight regretted rejecting his attorney's advice to accept the State's earlier negotiated plea and was attempting to avoid the consequences of his own unwise choice. Under such circumstances, we cannot say that the trial court was clearly erroneous in finding that appellant had not proven ineffective assistance of counsel. *Hall v. State*, supra at 794.

3. We reject appellant's contention that the trial court applied an incorrect burden of proof during the hearing on the motion to withdraw the guilty plea. With regard to the claim of ineffective assistance of counsel, the trial court properly placed the burden of proof upon appellant. Id. at 793. However, as to whether appellant's guilty plea was entered voluntarily and intelligently, the State had the burden of proof, *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990), and nothing in the record suggests that the trial court assigned the burden otherwise.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 12, 1994 —
RECONSIDERATION DENIED NOVEMBER 4, 1994 —

*Megan C. De Vorsey, Ronald J. Scholar,* for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Assistant District Attorney,* for appellee.