## S95A1912. CAINE v. THE STATE.
(467 SE2d 570)

CARLEY, Justice.

Isaac Caine entered a guilty plea to a charge of murder. In this case, he appeals directly from the judgment of conviction and sentence entered on his guilty plea. He contends that his guilty plea was not freely and voluntarily entered and that the actions of trial counsel denied him his constitutional right to effective assistance of counsel.

In response to a certified question from the Court of Appeals, this Court clearly held in *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984), that a timely filed direct appeal from a judgment entered on a guilty plea is a prescribed means by which a defendant may challenge a guilty plea "[w]here the question on appeal is one which may be resolved by facts appearing in the record, as in *Fuller v. State*, [159 Ga. App. 512 (284 SE2d 29) (1981)] . . . ." Thus, the merits of Caine's appeal can be addressed if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing.

This limitation on the right to file a direct appeal has been followed consistently and, indeed, as recently as *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). In *Morrow*, the trial court denied the defendant's motion for out-of-time appeal from the judgment of conviction and sentence entered on his guilty plea to murder. In that out-of-time appeal, the defendant sought to raise an issue which could be resolved only by reference to facts outside the record. Thus, noting that the defendant had no right to file even a timely notice of appeal and citing *Smith*, this Court affirmed the trial court's denial of the motion for out-of-time appeal, since a direct "appeal will lie from a judgment entered on a guilty plea *only if* the issue on appeal can be resolved by facts appearing in the record. [Cit.]" (Emphasis supplied.) *Morrow v. State*, supra at 3.

This well-settled rule of appellate jurisdiction is entirely compatible with the equally established principle that a claim of ineffectiveness of trial counsel should be asserted and resolved at the earliest practicable moment. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996); *Lloyd v. State*, 258 Ga. 645, fn. 1 (373 SE2d 1) (1988). If the issue on direct appeal from a judgment entered on a guilty plea cannot be resolved by facts appearing in the record, then permitting the appeal would not generally promote the quick resolution of the issue. To the contrary, such an appeal would ordinarily have to be remanded for an evidentiary hearing. The more efficient procedure would be for the defendant to raise the issue first in the trial court by a motion to withdraw the guilty plea. After the evidentiary hearing on that motion, the defendant could then appeal from a denial of the motion. At that point, the appellate court could resolve the issue on

the basis of the existing record without the need for a remand. Furthermore, a delay in filing a motion to withdraw the guilty plea beyond the term of court in which the guilty plea was accepted would have the same effect on the timely resolution of the issue as would a delay in filing a direct appeal beyond the expiration of the appeal period. In either instance, the defendant would be relegated to the remedy of habeas corpus. *Morrow v. State*, supra at 4; *Jarrett v. State*, 217 Ga. App. 627, 629 (1) (458 SE2d 414) (1995).

In this case, Caine makes no contention that, in accepting the guilty plea, the trial court erroneously failed to follow the established procedure. Compare *Fuller v. State*, supra. Rather, the contention is that his plea was not voluntary and that his counsel was ineffective. See *Morrow v. State*, supra at 3-4. Thus, the existing record, including the transcript of the guilty plea hearing, is immaterial to Caine's appeal. The issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing. As indicated above, Caine could have filed a motion to withdraw his guilty plea and then his claims would have been fully aired in a timely manner at the hearing on the motion. If Caine had done so and the trial court had denied the motion, then he could have appealed from that denial. However, in this case there was no such motion or hearing and, thus, no appeal from an order denying the motion. The issues which Caine raises cannot be resolved only by facts appearing in the existing record. Accordingly, he was not entitled to file a notice of direct appeal and his appeal must, therefore, be dismissed. *Morrow v. State*, supra.

*Appeal dismissed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who dissent.*

BENHAM, Chief Justice, dissenting.

I respectfully dissent from the majority's dismissal of this appeal because I believe the majority's decision constitutes a major erosion of this Court's decade-long policy of ensuring resolution of ineffective assistance of counsel claims by the trial court at the earliest practicable moment. Further, I believe that the majority's decision is based on an incorrect and outdated interpretation of *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984), and will itself be the basis for constitutional arguments concerning Georgia's disparate treatment of the appeals of guilty plea defendants. Finally, because I believe that the majority need not go to the lengths set forth in the majority opinion in order to resolve appellant's allegations of ineffective assistance of counsel adversely to him, I offer an alternative resolution of this appeal.

All convicted criminal defendants have a right of appeal (OCGA § 5-6-33), and *Smith* is this Court's affirmation that a guilty plea defendant is entitled to challenge the efficacy of his guilty plea convic-

tion by means of a timely-filed direct appeal. The last sentence of *Smith*, upon which the majority relies to dismiss appellant's appeal, states: "[w]here the question on appeal is one which may be resolved by facts appearing in the record, . . . a direct appeal will lie." I submit that this sentence is nothing more than a restatement of the judicial maxim that an appellate court is required to decide cases on the facts contained in the record. See *State v. Pike*, 253 Ga. 304, 307 (320 SE2d 355) (1984). Consequently, a guilty plea defendant's direct appeal and the direct appeal of a defendant convicted in a trial are similarly limited in scope to that which appears in the record.

Within two years of its decision reiterating the established principle that appeals are limited to the facts in the appellate record, this Court fashioned an exception to the rule where the issue of ineffective assistance of counsel is raised. Faced with an appeal in which the defendant raised for the first time the contention that his trial counsel's performance had denied him effective assistance of counsel, this Court ruled that "[i]t is a requisite of a sound system of criminal justice . . . that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment," and remanded the case to the trial court for a hearing and findings of fact concerning the issue of ineffective assistance. *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986). Because the appellate record did not contain the facts with which the allegation of ineffective assistance could be measured, it was necessary that the case be remanded in order that the challenge could be heard at the earliest practicable moment. *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987). Remand reinforced this Court's expressed preference for prompt resolution of the ineffective assistance allegation by the trial court which presided over the case in which the alleged ineffectiveness occurred instead of by "a habeas court somewhere down the road." *Lloyd v. State*, 258 Ga. 645, n. 1 (373 SE2d 1) (1988). Since the decision in *Smith*, 255 Ga. at 654, this Court has developed a policy of initial review in the trial court of ineffectiveness claims, thereby stressing the need for prompt resolution of these claims. See *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991) for an annotated development of the policy. We recently re-emphasized the requirement that the trial court conduct the initial review of the ineffectiveness claim in *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996), where we concluded that a defendant with an opportunity to present the issue to the trial court must avail himself of that opportunity as a prerequisite to appellate review of the issue.[1]

---

[1] I question the majority's assertion that its dismissal of Caine's direct appeal is compatible with our recent holding in *Glover*. In *Glover*, this Court recognized the unfairness of applying the rule it developed to Glover's case, and remanded his ineffectiveness claim to the

The ineffective-assistance-of-counsel exception to the rule limiting appeals to the facts contained in the record is applicable to guilty plea defendants as well as to those adjudicated guilty in a trial. See, e.g., *Holt v. State*, 205 Ga. App. 40 (421 SE2d 131) (1992), where the Court of Appeals en banc remanded the case to the trial court for a hearing on the guilty plea convict's claim he had been denied effective assistance of counsel. This Court should follow the lead of the Court of Appeals and apply the same rules of appellate procedure to appeals from guilty plea convictions as are applied to convictions obtained after trial.

This Court's failure to apply the same rules of appellate procedure to all criminal appellants, thereby depriving some appellants of the right to appeal, raises the specter that this Court is endorsing the violation of appellants' due process and equal protection rights. "[O]nce the State has created a right of appeal, it must 'offer each defendant a fair opportunity to obtain an adjudication on the merits of his appeal. [Cit.]' The majority has denied [Caine] such a 'fair opportunity' by reducing his right of appeal to a 'meaningless ritual' by precluding him from effectively asserting his appellate arguments. [Cit.]" *Morrow v. State*, 266 Ga. 3, 6-7 (463 SE2d 472) (1995) (Sears, J., dissenting). If, indeed, a guilty plea defendant has diminished appellate rights because he pled guilty, should he not be informed of the concomitant loss of appellate rights before he enters his plea? If the defendant pled guilty but was not told he was giving up aspects of his right to appeal, including the right to assert on appeal that his attorney did not render effective assistance of counsel, is not the plea subject to attack as unknowing and involuntary?

Instead of imposing the harsh sanction of dismissing Caine's appeal, I would follow *Hatcher v. State*, 259 Ga. 274 (1) (379 SE2d 775) (1989), and affirm the trial court's judgment of conviction rather than dismiss his appeal. This approach accomplishes the purpose of testing the validity of the appeal against the record without doing violence to the rights of a defendant entering a guilty plea. Should a guilty plea defendant wish to pursue a claim of ineffective assistance of counsel, he must meet the two-pronged standard enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Hill v. Lockhart*, 474 U. S. 52, 57 (106 SC 366, 88 LE2d 203) (1985). The defendant must show that the attorney's representation fell below an objective standard of reasonableness, and that the defendant was

---

trial court for a hearing. In contrast, the majority herein develops an appellate practice rule and applies it to the case at bar, *dismissing* Caine's appeal after telling him he should have filed a motion to withdraw the guilty plea and appealed its denial. As Caine's opportunity to file a motion to withdraw his guilty plea has long since expired, the majority's directive is of little use to him at this point in time.

prejudiced thereby. Id. When a guilty plea is the result of purported ineffectiveness, the prejudice the defendant must establish is that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. 474 U. S. at 59. As was the situation in *Hatcher*, supra, 259 Ga. 274, nowhere in the appellate record of the case at bar has appellant asserted that he would have insisted on going to trial had it not been for his attorney's alleged inadequacies. Consequently, appellant has not alleged or shown that he was prejudiced by the alleged inadequacies, resulting in the conclusion that appellant has not met the minimum criteria for establishing that trial counsel was ineffective. Id.; *King v. State*, 215 Ga. App. 139 (449 SE2d 870) (1994); *Hall v. State*, 210 Ga. App. 792 (1) (437 SE2d 634) (1993). Therefore, appellant's assertion of ineffective assistance fails, and his conviction should be affirmed. *Hatcher v. State*, supra, 259 Ga. at 275.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join in this dissent.

DECIDED MARCH 15, 1996.

*Christy R. Jindra*, for appellant.
*Robert E. Keller, District Attorney, M. Thomas Woodward, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Caroline W. Donaldson, Assistant Attorney General*, for appellee.