A97A2370. BROWER v. THE STATE.
(495 SE2d 600)

POPE, Presiding Judge.

Robbie Eugene Brower appeals the trial court's denial of his motion to withdraw a "best interests" guilty plea to aggravated assault with a hammer, which he entered under the procedure set forth in *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). The trial court rejected Brower's claims that his plea was involuntary and resulted from his attorney's coercion, promises, and ineffective assistance. We affirm the trial court's denial of his motion to withdraw the plea.

*Alford* held that "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the crime." 400 U. S. at 37. The court found that even though Alford claimed his innocence, the trial judge could accept his guilty plea in light of the strong evidence against him and the circumstances showing he understood the plea was in his best interest. *Alford*, 400 U. S. at 38. The courts of this state follow *Alford*'s analysis. See *Freeman v. State*, 211 Ga. App. 716, 717 (1) (440 SE2d 490) (1994) (not error to accept plea despite defendant's claim of innocence "when the defendant intelligently concludes it is in his best interest and the judge has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence").

1. The trial court was entitled to find Brower entered his plea knowingly and voluntarily, with an intelligent desire to avoid the risks of trial. The case was scheduled for trial the day Brower entered his plea. The judge intensely questioned Brower, who said he

understood the maximum penalty for his offense was 20 years and the minimum penalty a suspended sentence. Brower stated he was pleading without any agreement regarding his sentence. The judge explained Brower's rights, including his entitlement to counsel and a jury trial, and Brower said he understood those rights. No one used any threats or promises to make him enter his plea, Brower told the court. The prosecutor stated that eyewitnesses would say Brower was in a dispute with the victim, went to his van and pulled out a hammer, and hit the victim in the head with it, piercing the victim's scalp and causing him to suffer seizures. Brower testified under oath and admitted he fought with the victim but adamantly denied striking him in the head with a hammer. On cross-examination, when the prosecutor suggested that police would come to court "with a bloody hammer," Brower again denied using any hammer but asked, "After this is over with, can I get my hammer back?" Despite his claim of innocence, Brower said he desired to enter an *Alford* plea rather than take the risks of a jury trial at which he could "win big or lose big." These facts show the plea was voluntarily, knowingly, and intelligently entered, and the trial court did not abuse its discretion in accepting it. See *Craig v. State*, 192 Ga. App. 148, 149 (384 SE2d 240) (1989). Contrary to Brower's argument, the trial court did seek to "resolve the conflict" between Brower's plea and his claim of innocence. See *Freeman*, 211 Ga. App. at 717. The court specifically found that a factual basis existed for the plea despite Brower's denial of responsibility. See *McCants v. State*, 222 Ga. App. 75, 79-80 (3) (473 SE2d 514) (1996).

2. Brower claims his trial attorney provided ineffective assistance by promising him that the court would impose only a probated sentence. At the hearing on Brower's motion to withdraw the plea, the attorney denied this allegation, and the trial court was not required to believe this claim. See *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997) (when considering claims of ineffective assistance, trial court determines witness credibility). Moreover, "[t]he [guilty plea] transcript indicates that [Brower] indicated that he had not been promised anything in exchange for his plea. 'A person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel.' [Cit.] Thus, [Brower's] testimony as to what his counsel informed him about the anticipated sentence in exchange for his guilty plea would have no bearing on the court's decision to deny his motion to withdraw the guilty plea." *Craig*, 192 Ga. App. at 149-150. The court did not err by finding Brower failed to meet his burden of proving ineffective assistance. See *King v. State*, 215 Ga. App. 139, 141 (2) (449 SE2d 870) (1994).

3. In two enumerations, Brower claims he entered the guilty plea because his attorney wrongly led him to believe his extensive crimi-

nal record would be introduced into evidence against him at a jury trial. There is a presumption that the attorney provided reasonably effective counsel. *Brown v. State*, 216 Ga. App. 312, 313-314 (1) (454 SE2d 596) (1995). The attorney was not questioned on this issue, and the trial court was not required to believe Brower's testimony that counsel told him the jury would hear of his prior criminal acts. See *Randolph*, 225 Ga. App. at 324.

Brower's trial attorney did inform him that his prior record would be used against him in sentencing, and counsel was correct in so doing. The State provided Brower notice that, if he were found guilty at trial, it would introduce evidence of his long criminal record in aggravation of punishment. The court could have considered him a recidivist and sentenced him to the maximum 20 years even though the indictment contained no recidivist count. See *Jefferson v. State*, 205 Ga. App. 687, 688 (3) (423 SE2d 425) (1992). "In the specific context of a challenge to a guilty plea based on counsel's ineffectiveness, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation and punctuation omitted.) *King v. State*, 215 Ga. App. at 141. The trial court could properly conclude that any misunderstanding Brower had regarding the use of his prior criminal record did not alter his decision to plead guilty rather than risk a guilty verdict and harsh sentence. See id.

4. Brower's remaining enumeration claims trial counsel provided ineffective assistance when he failed to investigate the case, prepare for trial, and request scientific testing of the hammer. Trial counsel was not questioned on these specific issues but testified he had been prepared to try the case. As Brower did not show what his attorney should have done differently and did not show how these alleged errors affected his decision, the trial court did not abuse its discretion in denying these claims of ineffective assistance. See *Dixon v. State*, 267 Ga. 136, 138 (2) (475 SE2d 633) (1996).

5. Given the evidence in this case, the denial of Brower's motion to withdraw his guilty plea caused no manifest injustice.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1998.

*William A. Dowell*, for appellant.

*Spencer Lawton, Jr., District Attorney, Lori E. Loncon, Assistant District Attorney*, for appellee.