## A99A2410. RALEY v. THE STATE.
### (527 SE2d 590)

BARNES, Judge.

Michael Raley pled guilty to aggravated assault and possession of a firearm by a convicted felon. The trial court rejected the parties' negotiated plea of twelve years to serve five, and after Raley affirmed he did not want to withdraw his plea, the court sentenced him to fifteen years to serve seven. Raley contends that the trial court erred in denying his motion to set aside his guilty plea on the ground that he was not sufficiently informed of the rights he was giving up and in denying his motion for a new trial on the ground his counsel was ineffective. We affirm.

1. Raley argues his guilty plea should be set aside because the trial court did not comply with Uniform Superior Court Rule 33.8. This rule provides that, before accepting a guilty plea, a judge should determine that the defendant understands the nature of the charges, inform the defendant that he waives specified rights by pleading guilty, and inform the defendant of the terms of any negotiated plea, the maximum sentence, and any mandatory minimum sentence. The rule further provides that all of this information should be on the record.

In response to questions from his lawyer, Raley said at his plea hearing that he understood he was charged with aggravated assault and possession of a firearm by a convicted felon, had discussed with his lawyer the charges against him, had no questions about the charges or the proceedings, and had understood and written his answers to 31 questions on a preprinted form that outlined the hearing procedures and his rights. The trial court then asked Raley each of the 31 questions on that form. In his responses, Raley confirmed

that he understood that he had the right to plead not guilty and that if he did so, he had rights to a trial by jury, to appointed counsel, to remain silent, and to confront his accusers. Raley further confirmed that he understood that his entry of a plea waived these rights.

Raley asserts that the plea transcript shows that he was not told he was waiving his presumption of innocence and his right to testify and offer evidence or that he could possibly receive consecutive sentences on the two charges to which he pled guilty. He further asserts that, instead of telling him he waived specific rights if he pled guilty, such as the right to a trial by jury, the trial court erred by asking instead if he understood that he had the right to a trial by jury if he pled not guilty.

Although before sentence is imposed the defendant has an absolute right to withdraw a guilty plea, after sentence is imposed a guilty plea may be withdrawn only to correct a manifest injustice. *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995). While the requirements of USCR 33 are mandatory, id. at 333-334 (1), the court need not specifically address each issue found in USCR 33.8. *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986); *Johns v. State*, 223 Ga. App. 553 (1) (479 SE2d 388) (1996). Instead, the State must show that the record as a whole demonstrates that Raley's plea was knowing and voluntary. *King v. State*, 215 Ga. App. 139, 140 (1) (449 SE2d 870) (1994). It can meet that burden either by "(1) showing on the record of the guilty plea hearing that the defendant realized all the rights he was waiving and the possible consequences of his plea, or (2) using extrinsic evidence that shows that the guilty plea was knowing and voluntary." Id.

Here, "although the court did not specifically address each issue found in [USCR] 33.8, we find the court's determination of voluntariness clearly supported by the record," and find no error. (Citation and punctuation omitted.) *King v. State*, supra at 141.

2. Raley argues that the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel. Raley contends that his trial counsel was ineffective because she incorrectly assured him that a new policy from the Board of Pardons & Paroles did not apply to him. That policy, according to Raley, requires that an inmate convicted of aggravated assault serve at least 90 percent of his sentence. Raley asserts that he would not have pled guilty had he known he would have to serve that much time. Therefore, he argues, his counsel was ineffective, and the trial court should have granted his motion for new trial.

A defendant who waives his right to trial and enters a guilty plea is entitled to effective legal assistance. On appeal,

the question is whether the attorney's advice falls within the

range of competence of attorneys in criminal cases and whether there is a reasonable probability that the defendant would not have pleaded guilty and would have insisted on going to trial but for counsel's errors.

*Smith v. Wilson*, 268 Ga. 38, 39 (2) (485 SE2d 197) (1997).

In the hearing on his motion for new trial, Raley testified that his lawyer told him that the 90 percent rule did not apply to him, but that he would serve from one-third to one-half of his sentence. Raley's mother also testified that his lawyer told him that the 90 percent rule did not apply to him. On the other hand, Raley's former lawyer testified that Raley asked her a few days before the plea calendar whether the 90 percent rule applied to him. She testified that she told him she did not know but would research the issue. The lawyer further testified that when they met again just before the plea, she told Raley that she could not definitively say whether the rule applied to him or not.

In its order denying the motion for new trial, the trial court noted that it had considered the testimony of Raley, his mother, and his former attorney. "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Punctuation omitted.) *Whitehead v. State*, 211 Ga. App. 121, 123 (438 SE2d 128) (1993). Because the evidence supports the conclusion that Raley's trial counsel advised him that she did not know if the Board policy applied, the trial court's denial of Raley's motion for a new trial based on ineffective assistance of counsel is not clearly erroneous.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 5, 2000.

*Ronnie Joe Lane*, for appellant.
*J. Brown Moseley, District Attorney, Minerva S. Cansino, Assistant District Attorney*, for appellee.