## A00A1873. HURLEY v. THE STATE.
### (544 SE2d 508)

RUFFIN, Judge.

Collie Will Hurley pled guilty to one count of selling cocaine and was sentenced to six years in prison followed by four years on probation. Hurley then moved to withdraw his guilty plea, asserting that the plea was not voluntary because it was induced by his attorney's promise that he would receive no jail time. Hurley claimed that he had given money to his attorney to "pay people off" to ensure that he received probation and that the attorney assured him that "money

---

[6] *Banks v. State*, 225 Ga. App. 754, 756-757 (5) (484 SE2d 786) (1997).

had been paid to influence the outcome of the case." Hurley claimed that he was "tricked and misled" by his attorney, apparently because the promised bribery did not occur (or at least did not achieve the desired results). He asserted that his attorney "had an obligation . . . not to trick me into thinking the case was fixed."

During an evidentiary hearing on the motion to withdraw the plea, Hurley's trial counsel denied telling Hurley that he would pay anybody off or that Hurley would not get any jail time. The trial court denied the motion, stating in its order that it "makes all factual findings adverse to the defendant." With respect to the attorney's alleged promises that Hurley would receive no jail time, the court specifically found that "such promises were not made." In making this finding, the court noted that Hurley failed to mention such promises during the guilty plea hearing, even though he was directly questioned by the court about whether anyone had offered him any hope or inducement to get him to plead guilty. Hurley now challenges the denial of his motion on appeal.

Hurley's appellate brief is essentially a collection of platitudes regarding the relationship between a client and his lawyer, informing us that "a fundamental requirement of the criminal justice system is that a client must be able to trust his attorney" and that "[a] violation of that trust is despicable and cannot be condoned." We note that such platitudes lose a bit of their moral edge when they are espoused by someone whose chief complaint appears to be that he could not trust his lawyer to bribe public officials to "influence the outcome of the case."

Notably, however, while waxing poetic about the sanctity of the attorney-client relationship, Hurley completely fails to mention the trial court's express finding that *no promises were in fact made by his attorney*. It is as if such finding were not even made. Instead, Hurley simply repeats his rejected claim that he "was duped by his own attorney into believing that he wouldn't receive any jail time if he pled guilty."[1] We are reminded of the age-old principle of law, "Tell it to the judge." Hurley told it to the judge, and the judge did not believe him. We will not say the judge was wrong.[2]

Because the transcript of the guilty plea hearing reflects that the

---

[1] Although Hurley's motion and supporting affidavit make it clear that the alleged bribery was the reason he believed he would receive no jail time, he somehow fails to mention the bribery aspect of the case in his appellate brief, perhaps on the assumption that it would not be helpful to his appeal.

[2] See *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998) (on motion to withdraw guilty plea, "[t]he trial court is the final arbiter of all factual issues raised by the evidence"). See also *Brower v. State*, 230 Ga. App. 125, 127 (3) (495 SE2d 600) (1998) (trial court not required to believe defendant's testimony that attorney told him his criminal record would come out at trial).

plea was freely and voluntarily entered,[3] and because Hurley's challenge to the voluntariness of the plea was based on factual allegations the trial court found to be untrue, the court did not err in denying the motion to withdraw the guilty plea.[4]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 18, 2001.

*H. Samuel Atkins, Jr.,* for appellant.

*Dennis C. Sanders, District Attorney, William P. Doupe, Assistant District Attorney,* for appellee.

---

[3] Hurley admits this in his appellate brief, stating that "[a] facial examination of the guilty plea colloquy in this case shows no error. The constitutional contamination was subrosa [sic]."

[4] Because the trial court's factual findings are dispositive of this case, we need not consider whether it would be a "manifest injustice" to refuse to allow a defendant to withdraw a guilty plea when he claims that he entered the plea only because of his mistaken belief that his attorney had bribed officials to fix the outcome of the case. See *Raley v. State*, 241 Ga. App. 713, 714 (1) (527 SE2d 590) (2000) ("after sentence is imposed a guilty plea may be withdrawn only to correct a manifest injustice").