A06A2391. MUCKLE v. THE STATE.
(641 SE2d 603)

PHIPPS, Judge.

Tony Curtis Muckle pled guilty to kidnapping, armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He later moved to withdraw his plea on grounds that he had entered it because he had received ineffective assistance from his appointed counsel. After a hearing, the trial court denied the motion. Muckle appeals, but we find no error and affirm.

At Muckle's guilty plea hearing, the prosecutor stated that Muckle had entered a convenience store, pointed a gun at the clerk, and told him to open the cash register. After taking money from the register, Muckle allegedly ordered the clerk to enter a cooler. When the clerk refused, Muckle forced him to the ground and fled the store.

After the prosecutor's recitation of the facts, the court informed Muckle of the charges against him, the possible penalties he faced, and the rights he was giving up by pleading guilty. Muckle stated that he understood what the court had told him. Muckle also affirmed that he was entering his plea freely, voluntarily, and without force or threats. When asked whether he was satisfied with his lawyer's services, Muckle responded, "Yes, ma'am." Later, the court asked Muckle if he had anything to say, and Muckle apologized for his crimes and asked for mercy and leniency in sentencing. The court then accepted Muckle's guilty plea and imposed the state's recommended sentence of 20 years, to serve 15.

---

[3] *Lutz v. State,* 274 Ga. 71, 74 (3) (548 SE2d 323) (2001).
[4] See *Dale v. State,* 267 Ga. App. 897, 898-899 (600 SE2d 763) (2004).

At the hearing on Muckle's motion to withdraw the plea, he testified that his former lawyer had failed to contact potential defense witnesses and effectively had "abandoned" the case. Muckle had moved for the appointment of new counsel, but that motion was still pending on the date of his plea hearing. Because the assistant district attorney had told him that the plea offer was valid only for the day of the hearing, Muckle believed his only alternative was proceeding quickly to trial with an unprepared lawyer. Thus, Muckle claimed that he had felt "coerced" into pleading guilty. He conceded, however, that he had not mentioned his concerns to the trial court, but instead had affirmed that he was satisfied with his lawyer. Muckle claimed that he had agreed to plead guilty only because his lawyer had told him that he could later withdraw the plea.

Muckle's trial lawyer testified that after being appointed to represent Muckle, he had spoken with the investigating police detective to learn about the state's evidence against his client. He also testified that employees of his office had spoken with the victim and with Muckle's mother and brother, and he denied Muckle's charge that he had failed to explore possible defenses. Because Muckle faced a mandatory sentence of life without parole due to a prior armed robbery conviction if the state elected to file a recidivist notice, the lawyer had contacted the district attorney's office, with Muckle's permission, to negotiate a plea. The lawyer testified that he had given Muckle the option of accepting the state's plea offer, which was available only for a limited time, or going to trial. According to the lawyer, Muckle "had unreasonable expectations for what a good outcome in the case was going to be," but he nonetheless had decided to accept the state's offer.

The lawyer stated that he had known about Muckle's motion for replacement counsel, that he had discussed the motion with his client, and that Muckle had decided not to pursue it. The lawyer conceded that, at the time of the plea hearing, he had not been prepared to try the case. He explained, however, that if Muckle had rejected the plea deal, then he would have prepared for trial, which would have begun at a later date. The lawyer testified that he had told Muckle that the case would not be going to trial the week of the plea hearing. He denied having told Muckle that he could enter a guilty plea and later withdraw it.

A prosecutor who worked on Muckle's case testified that she had personally explained the state's plea offer to him before the plea hearing. She further testified that the case would not have been tried that week because, in preparing for trial, she had planned to file a notice of recidivist sentencing. Finally, she testified that she had told Muckle that, if the state filed the recidivist notice and the case went

to trial, under the recidivist sentencing scheme, he would face a mandatory sentence of life without parole if a jury found him guilty.

The trial court denied Muckle's motion to withdraw his plea. It found that Muckle never expressed any dissatisfaction with his lawyer's services at the plea hearing, even though he had multiple chances to address the court. The court further found that Muckle's lawyer provided effective assistance and that Muckle freely chose to plead guilty in exchange for a sentence of 15 years imprisonment rather than go to trial and face a possible sentence of life without parole.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[1]

In addition, "[a] trial court's finding that counsel has rendered effective assistance will not be disturbed on appeal unless it is clearly erroneous."[2]

Based on the record, which shows that Muckle's counsel investigated the case and made a strategic decision to advise his client to plead guilty, the trial court did not err in finding that counsel rendered effective assistance.[3] Even assuming that counsel's performance was somehow deficient, Muckle did not carry his burden of showing a reasonable probability that, but for the allegedly deficient performance, he would have elected to proceed to trial. Although Muckle asserts that he pled guilty only because he thought his alternative was an immediate trial with unprepared counsel, the state presented evidence that the trial would not have been immediate, that the attorney would have prepared beforehand, and that

---

[1] *Hill v. State*, 267 Ga. App. 357, 357-358 (599 SE2d 307) (2004) (punctuation and footnotes omitted).

[2] *Swan v. State*, 251 Ga. App. 80 (1) (553 SE2d 383) (2001) (citation omitted).

[3] See id. at 81; *McCants v. State*, 222 Ga. App. 75, 77-78 (1) (473 SE2d 514) (1996).

Muckle had elected not to pursue his motion for replacement counsel.[4] Under these circumstances, we find no basis for disturbing the trial court's ruling.

*Judgment affirmed. Smith, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 1, 2007 —

*Andrew, Merritt, Reilly & Smith, Raymon D. Burns*, for appellant.

*Daniel J. Porter, District Attorney, Christa L. Kirk, Assistant District Attorney*, for appellee.