### A96A1700. BROADWELL v. THE STATE.
(480 SE2d 215)

SMITH, Judge.

This is the most recent of pro se appellant Carl A. Broadwell's many appearances before this Court.[1] Broadwell was indicted at the September 1992 term of the Lowndes County grand jury on one count of terroristic threats, OCGA § 16-11-37 (a), and one count of possession of a firearm by a convicted felon, OCGA § 16-11-131 (b).[2] In 1993, he pled guilty to one count of terroristic threats by threatening to commit a crime of violence on his wife.

One year and eight months after sentencing Broadwell filed a pro se "Motion to Correct Sentence," in essence contending that the sentencing judge relied on improper and irrelevant information. He later filed a "Petition Requiring Superior Court Judge to Enter Order on Motion." The superior court dismissed both pleadings, and Broadwell appeals, asserting 12 enumerations of error.

1. Broadwell contends his petition to require the trial court to enter a decision on his first motion was authorized by OCGA § 15-6-21, alleging that the judge to whom his first motion was assigned failed to decide it promptly. Since Broadwell's first motion was ruled upon, however, he received the relief he sought.

---

[1] *Broadwell v. Corbett*, Case No. A95A0816 (dismissed January 13, 1995); *Broadwell v. Thompson*, Case No. A95A0929 (transferred to Supreme Court); *Broadwell v. White*, 219 Ga. App. XXV (1996); *Broadwell v. Selph*, 217 Ga. App. XXVI (1995); *Broadwell v. Temples*, 217 Ga. App. XXVI (1995). At least one other case remains pending before this Court.

[2] Broadwell's stormy relationship with his wife and his encounters with law enforcement authorities growing out of that relationship are detailed in the earlier appeals enumerated in footnote 1.

2. The trial court did not err in dismissing Broadwell's motion to correct sentence because it had no authority to change Broadwell's sentence after expiration of the term of court in which he was sentenced. As this Court noted in *Lewis v. State*, 217 Ga. App. 758 (458 SE2d 861) (1995), the legislature amended OCGA § 17-10-1 (a) to delete language in the former statute prohibiting suspension, probation, modification, or change of sentence ("except as otherwise provided by law") after the term of court or 60 days from the sentencing date, whichever time is greater. This prohibition, however, was embodied in the decisional law before the enactment of former OCGA § 17-10-1. The original version of that Code section, Ga. L. 1919, p. 387, § 1, later Ga. Code Ann. § 27-2502, did not contain the language prohibiting sentence modification after expiration of 60 days or the term of court. That language was added by Ga. L. 1964, pp. 483-484, § 4. The Georgia Supreme Court, however, clearly held on many occasions prior to 1919 and 1964 that "[w]hen the term at which the sentence imposed expired the judge was without authority to change it." *Porter v. Garmony*, 148 Ga. 261 (96 SE 426) (1918); see also *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948). In the absence of any statutory basis, such as that provided by OCGA § 42-8-34 (g), the trial court had no authority to change Broadwell's sentence.

While it is true that a void sentence or a clerical error may be corrected after the expiration of the term in which sentence was imposed, *Heard v. Gill*, supra; *Hopper v. Williams*, 238 Ga. 612, 613 (234 SE2d 525) (1977), Broadwell has not shown any clerical error or any basis for holding his sentence void.[3] Broadwell contends that his allegations of fraud in the presentence report and of improper consideration by the trial court of another pending charge against him[4] constitute "fraudulent subject matter" and accordingly deprive the trial court of subject matter jurisdiction and render his sentence void. This contention is without merit. Ga. Const., Art. VI, Sec. IV, Par. I; see generally *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979).

3. In several enumerations of error, Broadwell appears to contend that he was tricked or coerced into entering a plea of guilty. We cannot consider these contentions because Broadwell has never moved to withdraw his plea. See generally *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). Moreover, the trial court's jurisdiction to entertain a motion to withdraw the guilty plea ended after the term of court in which the judgment of conviction was rendered. *Stuckey v.*

---

[3] As authority for his contention that his sentence was void and a nullity, Broadwell cites only to OCGA § 17-9-4 and an inapplicable section of the Civil Practice Act.

[4] The trial court stated on the record, however, that it was not considering the pending charges against Broadwell.

*State*, 204 Ga. App. 793, 794 (1) (420 SE2d 655) (1992).

4. Finally, to the extent that Broadwell is contending his sentence is excessive, he presents no question for review here. "This court cannot review a sentence which is within the statutory limits." *Daniels v. State*, 154 Ga. App. 323, 325 (3) (268 SE2d 376) (1980).

*Judgment affirmed. Andrews, C. J., and Senior Appellate Judge Harold'R. Banke concur.*

DECIDED DECEMBER 17, 1996 —
RECONSIDERATION DENIED JANUARY 7, 1997.

Carl A. Broadwell, *pro se.*

H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney, for appellee.