### A97A0435. CUMMINGS v. THE STATE.
(483 SE2d 605)

JOHNSON, Judge.

Yasene Cummings was charged with speeding, failing to stop for a police vehicle, and driving under the influence of alcohol. While represented by an attorney, Cummings pleaded guilty to all three charges. The trial court accepted Cummings' pleas and ordered him to serve part of his sentence in jail. Cummings subsequently filed a motion to withdraw the guilty pleas, complaining that his trial counsel provided ineffective assistance by telling him he would not have to serve time in jail if he signed the plea statements, failing to adequately confer with him about the pleas, and not informing him of his constitutional rights or the consequences of pleading guilty.[1] Cummings claims that, therefore, the guilty pleas were not entered knowingly, voluntarily, or intelligently. After a hearing, the trial court found that Cummings' pleas were knowing, voluntary, and intelligent, and that trial counsel's assistance was not ineffective. Cummings appeals.

---

[1] See *Hall v. State*, 210 Ga. App. 792, 793 (1) (437 SE2d 634) (1993), holding that a defendant may raise a claim of ineffective assistance of counsel in challenging a guilty plea.

"Before a guilty plea is accepted by a trial court, the court must determine that the plea is voluntarily made and that the defendant intelligently and understandingly waives his constitutional rights with an understanding of the nature of the charges against him and the consequences of the plea. However, where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." (Citations and punctuation omitted.) *McCants v. State*, 222 Ga. App. 75, 77 (1) (473 SE2d 514) (1996). In challenging the effectiveness of plea counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. See *Hall*, supra.

The record does not contain a transcript of the hearing in which the pleas were entered. It does, however, contain written plea statements signed at that hearing and a transcript of the hearing on the motion to withdraw the pleas.

In plea statements signed by Cummings in the court's presence, Cummings agrees that he: understands he may plead not guilty and, if he does, he is guaranteed certain rights (e.g., to a speedy and public jury trial, to subpoena and cross-examine witnesses); understands by pleading guilty he gives up those rights and may be sentenced as if he were convicted after a trial; understands the punishment for each of the offenses may include imprisonment; has been counseled and advised by his lawyer and is satisfied with the lawyer's advice and guidance; has not been promised a lesser sentence or probation for pleading guilty; understands the judge is not bound by any recommendation and may impose a greater sentence than that recommended; and offers his plea voluntarily and with full knowledge of all the matters in the plea statement(s). The trial court signed these plea statements, specifically indicating thereon that it was satisfied that Cummings entered the pleas knowingly, freely, and voluntarily and understood all of his rights and the consequences of his pleas. In one of the plea statements, the trial court states that it personally read to Cummings the rights listed above.

Similar evidence was adduced at the hearing on the motion to withdraw the pleas. There, Cummings testified that he graduated from high school and technical school. He admitted he met with counsel three times before entering the pleas and had an opportunity to confer with counsel on the day the pleas were entered. Cummings added that he neither read nor requested more time to read the plea statements before signing them. Although Cummings testified that his attorney told him he would not get any jail time if he signed the

statements, Cummings admitted having answered "no" when the trial court asked him at the plea hearing whether anyone made any promises to him in exchange for his pleas. He testified that he understood the court's statements to him at the plea hearing regarding his right to plead not guilty and to be tried by a jury, and that he was waiving his rights by pleading guilty. Moreover, Cummings remembered telling the trial court in the plea hearing he was satisfied with his attorney's guidance. He also recalled the court informing him of the maximum punishment it could impose for each offense and how the sentence imposed could be the same as if he went to trial and was found guilty. Cummings did not state that he would have gone to trial had it not been for counsel's ineffectiveness. Cummings' trial counsel did not testify at this hearing.

In light of Cummings' oral and written statements to the court indicating what he knew and understood about pleading guilty to these charges, the number of opportunities he had to confer with counsel before entering the pleas, and the absence of any indication that, had he received effective assistance, he would not have pleaded guilty, we are not convinced either that Cummings' attorney's performance fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's errors, Cummings would have insisted on going to trial rather than pleading guilty. "A trial court's finding that a defendant has been afforded effective assistance of [plea] counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Stevens v. State*, 202 Ga. App. 473, 474 (4) (414 SE2d 702) (1992). We cannot say that the trial court's finding that Cummings' counsel was not ineffective is clearly erroneous. Moreover, the evidence supports the trial court's finding that Cummings' guilty pleas were knowingly, voluntarily, and intelligently entered. The trial court did not abuse its discretion in denying Cummings' motion to withdraw his pleas. See *Jefferson v. State*, 216 Ga. App. 442, 443-444 (3) (454 SE2d 632) (1995); *Neal v. State*, 216 Ga. App. 223, 224 (453 SE2d 807) (1995).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 18, 1997 —
RECONSIDERATION DENIED MARCH 6, 1997 — 

*Wolfe & Steel, Kristine E. Waddy*, for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.