A97A1899. OBI v. THE STATE.
(493 SE2d 246)

BLACKBURN, Judge.

Kenneth Obi appeals his conviction, following the entry of a guilty plea, on four counts of using a fictitious name to obtain a driver's license. Obi filed a pro se notice of appeal on April 28, 1997, and filed a motion for appointment of appellate counsel on May 28. On June 2, Obi filed a pro se appellate brief, but did not file enumera-

---

tions of error or separately enumerate errors in his brief. Following the appointment of appellate counsel, counsel filed a supplemental brief asserting two enumerations of error. Obi's motion for permission to file such supplemental brief with enumerations is hereby granted, and we shall consider the enumerations set forth therein.

1. Obi contends that the trial court failed to ascertain the factual basis for Obi's guilty plea as required by Uniform Superior Court Rule 33.9. That rule provides that, "[n]otwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such a plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea."

In her supplemental brief, Obi's counsel states that "there is no indication anywhere in the record that the trial court was so satisfied at the time it accepted the plea. The *only* reference to a factual basis was made by the prosecutor when he said that '(T)he facts are somewhat convoluted as to how it was discovered that Mr. Obi had been using false or fictitious names to obtain [a] Georgia driver's license[.]' . . . That was *all* that was said about the facts surrounding the crime." (Emphasis supplied.)

This statement does not even approach an accurate representation of the facts in the record. In fact, after the prosecutor made the above statement, he stated that "on the occasions listed in the bill of indictment Mr. Obi did attempt to get a Georgia driver's license with regards to count one in the name of Jerome McDowell. With regards to count two again in the name of Jerome McDowell on the date listed. With regard to count three in the name of Steve Kelly Gibson on the date listed in the bill of indictment. And with regards to count four again in the name of Jerome McDowell on the date listed in the bill of indictment. And I do have in the file photocopies of separate driver's license with Mr. Obi's picture on these driver's license in the name listed in each count of the bill of indictment." The prosecutor later informed the court of the specific locations in Fulton County where the incidents had occurred. Obi's trial counsel informed the court that "Mr. Obi was a taxicab driver and his license had been suspended and, of course, being a taxicab driver that was his only way of making a living and that was the reason behind getting the license under these different names." Obi then admitted to the court that he was pleading guilty because he had committed the crime.

Moreover, after Obi expressed concerns about double jeopardy because of a prior conviction, the court questioned Obi and the attorneys regarding such conviction. Obi's attorney informed the court that Obi had previously been convicted in a different county on a different charge of providing a false name. The attorney stated that this related to a different incident from those involved in the present case, and that he had explained to Obi that they were different

offenses. The judge stated that he was satisfied that they were separate offenses and that there were no double jeopardy concerns.

2. Obi also contends that he received ineffective assistance of counsel because his trial counsel erroneously advised him as to the consequences of his plea.

"A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. However, . . . [a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record." (Punctuation omitted.) *Smith v. State,* 266 Ga. 687 (470 SE2d 436) (1996); see also *Grantham v. State,* 267 Ga. 635 (481 SE2d 219) (1997).

In *Caine v. State,* 266 Ga. 421 (467 SE2d 570) (1996), the Supreme Court held that where a defendant appeals a guilty plea on the grounds of ineffective assistance of counsel, "[t]he issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing." Id. at 422. Accordingly, the defendant may not file a direct appeal where the only evidence in the record is the transcript of the guilty plea hearing. Rather, the defendant's proper remedy is to file a motion to withdraw his guilty plea and appeal the denial of that motion. Id.

In this case, as in *Caine,* Obi contests the effectiveness of his trial counsel and the voluntariness of his plea. However, he has not filed a motion to withdraw his guilty plea raising this issue, and the only evidence in the record is the transcript of his guilty plea hearing. Accordingly, under the Supreme Court's decision in *Caine,* Obi cannot raise this issue in this direct appeal of his conviction. See *Broadwell v. State,* 224 Ga. App. 193, 194 (3) (480 SE2d 215) (1997). We note that "the trial court's jurisdiction to entertain a motion to withdraw the guilty plea ended after the term of court in which the judgment of conviction was rendered," id., and that "[Obi's] only available remedy is habeas corpus." *Morrow v. State,* 266 Ga. 3, 4 (463 SE2d 472) (1995); see also *Grantham,* supra at 636. We thus deny Obi's motion to remand this case to the trial court for an evidentiary hearing.

Were this issue properly before us on the basis of the existing record, it is clear that the record does not support Obi's claim of ineffective assistance of counsel. "In challenging the effectiveness of plea counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial." *Cummings v. State,*

225 Ga. App. 239, 240 (483 SE2d 605) (1997). The transcript of the guilty plea hearing clearly reflects that Obi was advised in open court of his rights and the consequences of his plea. The prosecutor advised Obi, in the presence of his attorney and the judge, of the presumption of innocence and the right to a jury trial, and that Obi waived these rights by pleading guilty. Obi acknowledged that he had discussed his case with his trial attorney, that he was satisfied with the attorney's representation, and that he did not need any more time to talk with the attorney about the case. He acknowledged that he understood the judge could impose a sentence of one to five years in jail on each count, up to a total of twenty years, and that the judge was not bound by the State's recommended sentence. He acknowledged that he was entering the plea freely and voluntarily, and that no one had made any promises other than the recommended sentence, which was in fact imposed by the judge.

Thus, regardless of his attorney's failures, if any, Obi was advised in open court of the rights he was waiving by pleading guilty, and he acknowledged his understanding of such rights and the consequences of his plea. Accordingly, the evidence of record does not show that there is a substantial probability that Obi would have insisted on going to trial but for his attorney's alleged failures. See *Cummings*, supra at 240-241.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 31, 1997.

*Elaine T. McGruder*, for appellant.
Kenneth Obi, *pro se.*
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.