## A99A0381. FLANIGAN v. THE STATE.
### (517 SE2d 569)

SMITH, Judge.

Anthony Kevin Flanigan appeals his conviction on pleas of guilty to aggravated battery, theft by taking, and fleeing and eluding a police officer. He contends that his pleas were not freely, intelligently, and voluntarily entered and that his counsel was ineffective. Because Flanigan has failed to demonstrate error by the record or properly preserve his claims, we affirm.

1. A direct appeal from a judgment of conviction and sentence entered on a guilty plea lies only if the issues raised on appeal can be resolved by reference to facts in the record. *Echols v. State,* 231 Ga. App. 501 (498 SE2d 66) (1998). Here, Flanigan has failed to demonstrate error from the facts in the record. The transcript of the guilty plea hearing demonstrates that Flanigan was advised of his rights and the consequences of his plea. In open court, in the presence of Flanigan's attorney and the judge, the prosecutor informed Flanigan of his right to trial by jury, the presumption of innocence, the right to confront and subpoena witnesses, the right to testify, and the right to counsel throughout the trial. The prosecutor at that time also informed Flanigan that he would waive those rights by pleading guilty. Flanigan acknowledged that he understood that he was giving up these rights, that he understood the maximum sentence that could be imposed by the trial court, that no one had used promises, force, or threats to cause him to plead guilty, and that he was satisfied with his attorney's representation.

While Flanigan makes a number of contentions regarding his beliefs, understanding, and purpose in pleading guilty, he has not supported his contentions by reference to the record. His unsworn, self-serving statements in his appellate brief are not evidence and cannot be considered. *Harris v. State,* 230 Ga. App. 403, 405 (496 SE2d 277) (1998). Flanigan has failed to meet his burden of showing

that this issue can be resolved by reference to the facts in the record. *Echols*, supra.

2. In addition, Flanigan's claim of ineffective assistance of counsel is barred by our recent decision in *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997). No appeal will lie on the grounds of ineffective assistance of counsel without a post-plea motion and hearing.

> Accordingly, the defendant may not file a direct appeal where the only evidence in the record is the transcript of the guilty plea hearing. Rather, the defendant's proper remedy is to file a motion to withdraw his guilty plea and appeal the denial of that motion. [Cit.]

Id.

As in *Obi* and the decisions it cites, the record in this case contains no motion to withdraw Flanigan's guilty plea and only the transcripts of his guilty plea hearing and sentencing hearing. Accordingly, Flanigan cannot raise this issue in this direct appeal of his conviction. See *Broadwell v. State*, 224 Ga. App. 193, 194 (3) (480 SE2d 215) (1996). And the trial court's jurisdiction over such a motion to withdraw the guilty plea expired at the end of the term of court in which the judgment of conviction was rendered. Id. Flanigan's sole remaining remedy on this claim is habeas corpus, and remand of this case to the trial court for an evidentiary hearing on the ineffectiveness claim is therefore inappropriate. *Obi*, supra at 96.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED MAY 11, 1999 —
RECONSIDERATION DENIED MAY 27, 1999.

*William H. Clerke IV*, for appellant.

*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney*, for appellee.