## A99A2018. CAMPBELL v. THE STATE.
(522 SE2d 277)

BLACKBURN, Presiding Judge.

Solomon Campbell appeals his conviction for cruelty to children, contending that his guilty plea was not freely, intelligently, and voluntarily entered because he was not informed of his right to withdraw the plea prior to sentencing. Campbell also contends that his counsel rendered ineffective assistance because he failed to inform him that his plea could be withdrawn. For the reasons set forth below, we affirm.

1. As we have previously held:

> A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. However, [Campbell's] judgment[ ] of conviction and sentence[ ] were entered after he pled guilty. A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.

(Punctuation omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

In this case, the record shows that Campbell pled guilty to beating his mentally retarded nine-year-old stepson with a pool cue stick. Prior to the plea, the State recommended that Campbell be sentenced to ten years, two of which would be spent in jail. The trial court, however, indicated that it would not accept the State's recommendation. Instead, the trial court informed Campbell that he would be sentenced to ten years, four of which would be served in jail. After receiving this information, Campbell pled guilty, stating that his plea was voluntary and that he fully understood the nature of the proceedings. The trial court then imposed upon Campbell the sentence it described prior to the entry of his guilty plea.

Citing *Fuller v. State*, 159 Ga. App. 512 (284 SE2d 29) (1981), Campbell argues that his guilty plea was involuntary and unknowing because the trial court never informed him that he had the right to withdraw his guilty plea prior to sentencing. Based on the facts herein, this argument is misplaced.

> [A]t the time a plea is offered, . . . the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before

it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his . . . guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced and the plea cannot thereafter be withdrawn except upon the sound legal discretion of the court.

(Citations and punctuation omitted.) Id. at 513 (1).

In *Fuller*, the trial court never informed the defendant that it intended to reject his plea agreement with the State prior to imposing a less favorable sentence on him and that the guilty plea could be withdrawn before sentencing. Under such circumstances, the defendant's conviction based upon his guilty plea had to be reversed. In this case, on the other hand, the trial court informed Campbell that it would reject the State's recommendation and that it would sentence him to ten years, four of which would be served in jail. The trial court thereafter imposed the exact sentence it described to Campbell at sentencing. Under these circumstances, it is nonsensical to argue that Campbell did not knowingly and voluntarily enter his plea of guilty. Prior to his plea, he had been informed by the trial court what his punishment would be, and he voluntarily and knowingly accepted that punishment.

2. Campbell's contention that his counsel rendered ineffective assistance because he failed to inform him that his plea could be withdrawn is untenable.

[T]he defendant may not file a direct appeal where the only evidence in the record is the transcript of the guilty plea hearing. Rather, the defendant's proper remedy is to file a motion to withdraw his guilty plea and appeal the denial of that motion.

*Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997).

As in *Obi* and the decisions it cites, the record in this case contains no motion to withdraw [Campbell's] guilty plea and only the transcripts of his guilty plea hearing and sentencing hearing. Accordingly, [Campbell] cannot raise this issue in this direct appeal of his conviction. See *Broadwell v. State*, 224 Ga. App. 193, 194 (3) (480 SE2d 215) (1996). And the trial court's jurisdiction over such a motion to withdraw the guilty plea expired at the end of the term of court in which the judgment of conviction was rendered. Id. [Campbell's] sole remaining remedy on this claim is habeas corpus, and remand of this case to the trial court for an evi-

dentiary hearing on the ineffectiveness claim is therefore inappropriate.

*Flanigan v. State*, 238 Ga. App. 296 (517 SE2d 569) (1999).
   *Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 8, 1999 —
RECONSIDERATION DENIED OCTOBER 1, 1999 —

*Michael B. King*, for appellant.
   *J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Lawrence Delan, Assistant District Attorneys*, for appellee.