## A00A0099. AIKENS v. THE STATE.
### (527 SE2d 916)

JOHNSON, Chief Judge.

A criminal defendant may not directly appeal from a guilty plea on the ground of ineffective assistance of counsel if there has not been a post-plea hearing in the trial court developing that claim and instead the only evidence in the record is the transcript of the guilty plea hearing.[1] Danny Aikens pled guilty to burglary and then directly appealed to this court on the ground that his trial counsel was ineffective. The transcripts of his guilty plea and sentencing hearings are the only pertinent evidence in the record. Is Aikens entitled to appeal directly from his guilty plea on the ground that his trial attorney was ineffective? We hold that he is not entitled to such a direct appeal because he did not develop his ineffectiveness claim in a post-plea hearing and the plea and sentencing hearing transcripts provide no evidence on that issue.

Aikens pled guilty to burglary in the Lowndes County Superior

---

[1] *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997).

Court. The court entered a judgment of conviction on the plea and sentenced Aikens to ten years confinement. Aikens has directly appealed from the conviction entered on his guilty plea, claiming that his trial attorney was ineffective because he told Aikens he would receive only a probated sentence if he pled guilty.

A criminal defendant has no unqualified right to appeal directly from a judgment of conviction and sentence entered on a guilty plea.[2] He may file a direct appeal in such a case only if the issue raised can be resolved by facts appearing in the record.[3] If a defendant claims ineffective assistance of counsel, that issue can be developed only by a post-plea hearing in the trial court.[4] So a defendant may not directly appeal from a guilty plea on the ground of ineffective assistance of counsel if the only evidence in the record is the transcript of the guilty plea hearing; rather, the defendant's proper remedy is to move in the trial court to withdraw his guilty plea and, if that motion is denied, to appeal from the denial of his motion.[5]

Aikens did not move in the trial court to withdraw his guilty plea and then appeal from the denial of that motion but instead filed this direct appeal. Because Aikens failed to develop his ineffectiveness claim in a post-plea hearing and the only evidence in the record is the transcripts of Aikens' guilty plea and sentencing hearings, Aikens cannot properly raise the issue of ineffective assistance of counsel in this direct appeal.[6]

Moreover, the trial court no longer has jurisdiction to consider a motion to withdraw Aikens' guilty plea because the term of the Lowndes Superior Court in which the judgment of conviction was entered has expired.[7] Thus, Aikens' only remaining remedy for withdrawing his guilty plea on the ground of ineffective assistance of counsel is through a habeas corpus proceeding.[8]

Because Aikens has improperly filed this direct appeal from his guilty plea, the appeal must be dismissed.

*Appeal dismissed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 13, 2000.

*L. Warren Turner, Jr. & Associates, Jody D. Peterman*, for appellant.

---

[2] Id.
[3] Id.
[4] Id.
[5] Id.
[6] See *Flanigan v. State*, 238 Ga. App. 296, 297 (2) (517 SE2d 569) (1999).
[7] See id.; see also OCGA § 15-6-3 (35) (D).
[8] See *Flanigan*, supra; *Obi*, supra.

*J. David Miller, District Attorney, Bradfield M. Shealy, Laura E. Anderson, Assistant District Attorneys,* for appellee.