## A01A1597. THOMPSON v. THE STATE.
### (552 SE2d 130)

PHIPPS, Judge.

In 2001, Thompson filed a motion for an out-of-time appeal from a conviction of theft by receiving stolen property entered against him in 1992 based on a negotiated plea of guilt. Thompson appeals the superior court's denial of the motion.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." [Cit.] [Thompson], as the movant, bears the burden of showing "good and sufficient" reason entitling him to an out-of-time appeal. [Cit.] Also, an out-of-time appeal is a remedy for a frustrated right of appeal; therefore, [Thompson] must show that he was entitled to a direct appeal. [Cit.] Because a criminal defendant has no unqualified or absolute right to file a direct appeal from a judgment of conviction and sentence entered upon a guilty plea, [Thompson] can meet his burden in this case only by setting "forth the questions he would raise should the appeal be granted, and showing that the questions could be resolved by facts appearing in the appellate record." [Cits.] Finally, the disposition of a motion for out-of-time appeal hinges on who bore the ultimate responsibility for the failure to file a timely appeal. [Cit.] An out-of-time appeal is not authorized if the delay was attributable to the appellant's conduct, either alone or in concert with counsel. [Cit.][1]

Although at his sentencing hearing Thompson expressed a desire to file a direct appeal, he acknowledges that in habeas corpus proceedings his defense attorney testified that the two of them later decided there were no grounds to appeal. Moreover, Thompson seeks to raise questions such as whether he received a proper court-ordered psychiatric evaluation, and these questions cannot be resolved by facts appearing in the meager appellate record (which includes little more than Thompson's motion for out-of-time appeal and the transcript of his sentencing hearing). We can find no abuse of discretion by the superior court in denying the motion for untimely appeal in this case.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[1] (Emphasis omitted.) *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).

DECIDED JULY 11, 2001 —
RECONSIDERATION DENIED JULY 26, 2001 —

Charles Thompson, *pro se.*
*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney,* for appellee.