A02A0726. FINEZA v. THE STATE.
(567 SE2d 17)

BARNES, Judge.

Craig Fineza was indicted for aggravated assault, aggravated battery, false imprisonment, and three counts of possessing a knife while committing a felony. He subsequently pled guilty to aggravated battery, into which the aggravated assault charge merged, and the State nolle prossed the remaining charges. The trial court granted Fineza's motion for an out-of-time appeal, and he now contends that his guilty plea was invalid because he did not understand the impact of pleading guilty under *North Carolina v. Alford,* 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) (a defendant may plead guilty but not admit committing the crime). For the reasons that follow, we affirm.

1. Initially, the State contends that the trial court erred in granting Fineza's motion for an out-of-time appeal, arguing that the evidence presented at a hearing on the motion showed that the failure to file a direct appeal within 30 days lay with Fineza, not with his trial counsel.

An out-of-time appeal is properly granted if the defendant's trial counsel either fails to file a timely appeal after his client directs him to do so or fails to inform the defendant of his right to a direct appeal. *Towns v. State,* 228 Ga. App. 267 (1) (491 SE2d 497) (1997). On the other hand, if the defendant fails to take action and causes the appeal not to be filed within 30 days, he is not entitled to an out-of-time appeal. *Glass v. State,* 248 Ga. App. 91 (1) (545 SE2d 360) (2001). Absent an abuse of discretion, we will not reverse a trial court's decision on a motion for out-of-time appeal. *Lunsford v. State,* 237 Ga. App. 696, 697 (1) (515 SE2d 198) (1999).

In this case, we find no abuse of discretion. After the trial court sentenced Fineza on September 11, 2000, it informed him that he had a right to file an appeal, that trial counsel would not handle his appeal, that if he could not afford his own counsel he would be entitled to appointed counsel, that if he wanted to apply for appointed appellate counsel he needed to do so quickly, that he had a right to try to file his own appeal, and that he must try to do so within 30 days.

On September 14, 2000, Fineza's trial counsel wrote him at the White County detention center, stating incorrectly that Fineza received a sentence of more than 12 years and thus had a right to appeal his sentence to the Sentence Review Panel. Counsel included a sentence review form for Fineza's convenience and further noted that Fineza had a right to appeal his conviction. Although he did not believe Fineza had any meritorious grounds for an appeal and would not be representing him, he noted that any appeal had to be filed within 30 days, so he urged Fineza to decide quickly and apply for appointed counsel to represent him if he decided to appeal.

Fineza testified at his motion hearing that he had tried to appeal from the day he was sentenced. He completed and filed the sentence review form on September 19, 2000, because his trial counsel told him that he could do so, but his request for review was denied because his ten-year sentence was not eligible for review. He also filed this application under the wrong case number, apparently using the case number from an earlier matter, in which his probation was revoked based on the charges to which he later pled guilty. Fineza further testified that, along with the application, he completed the first of two applications for an appointed attorney and gave it to detention center staff to forward to the court. Fineza was subsequently transferred on September 21, 2000, to the diagnostic center in Jackson.

Fineza testified that, in addition to the applications for sentence review and appointed appellate counsel, he also filed what he described as "a lame attempt of a motion to appeal," of which he had a carbon copy. He explained that he mixed up his case numbers and did not receive a file-stamped copy in return. That motion was not docketed in the clerk's office. A review of the record shows that case number 2000-CR-067 appears on a pro se motion for out-of-time appeal dated June 12, 2001, as well as on the cover page of the plea transcript, while other documents in the file bear the correct case number, 2000-CR-069.

Based on this evidence, the trial court did not abuse its discretion in granting Fineza an out-of-time appeal. The record shows that Fineza's counsel gave him incorrect advice about his right to a sentence review and may have confused him about the appeals process. This is not a case in which the defendant failed to pursue his right to appeal (compare *Thompson v. State*, 250 Ga. App. 761 (552 SE2d 130) (2001)). Evidence in the record supports a finding that Fineza did try to file a timely notice of appeal and that he sought appointed counsel to no avail. Under the peculiar facts and circumstances of this case, we cannot say the trial court abused its discretion.

2. The next issue we consider is whether Fineza has a right to directly appeal his guilty plea. A defendant may directly challenge a

guilty plea if the issue on appeal can be resolved through facts appearing in the record. *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). If the issue cannot be resolved by facts in the record, the appeal would ordinarily have to be remanded for an evidentiary hearing, and thus permitting a direct appeal would not resolve the issue swiftly. Id. Rather, the defendant should move in the trial court within the same term of court to withdraw his guilty plea, which would result in an evidentiary hearing. Id. If the trial court denies the motion, the defendant may then appeal that denial, on a record that contains the evidence needed to resolve the issue. *Sibley v. State*, 249 Ga. App. 664 (550 SE2d 104) (2001).

We thus consider whether the issues Fineza raises on appeal may be resolved through facts appearing in the record. He asserts two enumerations of error: (a) he did not enter a "valid plea of guilty"; and (b) his counsel was ineffective for telling him that if he remained silent when asked how he pled, he would receive a trial. If at least one of these issues can be resolved by facts appearing in the record, he may pursue a direct appeal from his plea of guilty. *Thorpe v. State*, 253 Ga. App. 263 (558 SE2d 804) (2002). In this case, we can resolve Fineza's first enumeration by facts appearing in the record, but we cannot resolve his second enumeration in this direct appeal.

(a) Fineza contends in his first enumeration that he remained "virtually silent" during his plea colloquy and sentencing hearing. When the trial court asked him, "As to the offense of aggravated battery and, of course, aggravated assault is going to merge into that, how do you plead, sir, guilty or not guilty?" Fineza did not respond. Instead, his counsel responded, "Your Honor, Mr. Fineza wants to enter a plea of guilty under *North Carolina versus Alford*." However, after trial counsel explained to the trial court why Fineza wanted to tender an *Alford* plea, the trial court summed up the exchange as follows:

> THE COURT: Mr. Fineza, basically you are tendering a guilty plea under *North Carolina versus Alford* which means basically, sir, that you don't think you did it, you think that's a defense simply because you said you don't think you did it. There may be something else that I'm not aware of there, too. But you also realize that if the jury believes the state's evidence you are likely to be convicted of this crime. And you just have decided then that it's in your best interest to plead guilty and accept the plea offer that's been made by the state rather than running the risk of going to trial and winding up with twenty or more years to serve. Is that basically what your position is, sir?
>
> DEFENDANT: Yes, sir, I guess.

THE COURT: So you are pleading guilty under *North Carolina versus Alford*?
DEFENDANT: Yes, sir.

Before this exchange, the trial court determined that Fineza was not under the influence of any intoxicants, had two years of college education, and had discussed the charges with his counsel. The court then listed the rights Fineza would lose by pleading guilty and pointed out that it was not obliged to accept the district attorney's recommended sentence of ten years to serve five, but could sentence Fineza to as much as twenty years in prison and fine him as much as $100,000. After Fineza tendered his *Alford* plea, he affirmed that he had talked with his lawyer before entering the plea, had enough time to discuss the plea, and had no objections to the way his lawyer had handled his case. After questioning Fineza regarding factors affecting his ability to pay restitution, the trial court announced its sentence and then asked Fineza if he wanted to withdraw his plea of guilty, to which Fineza responded, "No, sir."

The record belies Fineza's contention that the trial court erred in failing to adequately determine whether Fineza understood the charges against him, and in failing to inform him on the record of the terms of the negotiated plea. The record further establishes that Fineza did not "remain silent" when asked how he pled to the charges, but affirmatively pled guilty pursuant to the provisions of *North Carolina v. Alford*, which were explained to him on the record by the trial court. Because Fineza has failed to demonstrate from the facts in the record that his guilty plea was not valid, we affirm his conviction based on his plea of guilty. *Flanigan v. State*, 238 Ga. App. 296 (517 SE2d 569) (1999).

(b) Fineza also contends that his plea is invalid because his trial counsel's assistance was ineffective in failing to educate him before the plea date regarding the meaning of an *Alford* plea. He also contends that he told his attorney to try the case and that his attorney told him that if he did not say "guilty" he would go to trial. A defendant who seeks to appeal a guilty plea on the ground of ineffective assistance of counsel must develop those issues in a post-plea hearing and may not file a direct appeal where the only evidence in the record is the transcript of the guilty plea hearing. *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997). The proper remedy is to move to withdraw the plea, or if the term of court in which the plea was entered has expired, to petition for a writ of habeas corpus. *Caine v. State*, supra, 266 Ga. at 422. Fineza failed to take either action, and as a result he cannot raise the issue of ineffective assistance of counsel in this direct appeal of his conviction.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

Decided April 17, 2002 —
Reconsideration denied June 14, 2002 — 

*Elizabeth B. Reisman,* for appellant.
Craig Fineza, *pro se.*
*N. Stanley Gunter, District Attorney, Gerald W. Bruce, Assistant District Attorney*, for appellee.