# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 26, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia ex rel.**
**Catie Wilkes Delligatti,**
**Prosecuting Attorney of Berkeley County,**
**Petitioner,**

**vs.) No. 22-921 (Berkeley County 22-F-8)**

**The Honorable Bridget Cohee,**
**Judge of the Circuit Court of Berkeley**
**County, and Lateef Jabrall McGann,**
**Respondents.**

## MEMORANDUM DECISION

Petitioner Catie Wilkes Delligatti, Prosecuting Attorney of Berkeley County ("the State"), by counsel Catie Wilkes Delligatti, Joseph R. Kinser, and Shannon Frederick Kiser, filed a petition for a writ of prohibition seeking to prevent the circuit court from enforcing its order entered on November 22, 2022, denying the State's motion to reconsider the court's October 20, 2022, decision granting defendant's motion to dismiss the recidivist information.[1] Respondent Lateef Jabrall McGann, ("defendant"), by counsel S. Andrew Arnold, filed a summary response. Petitioner argues that the circuit court committed clear error by exceeding its legitimate powers when it dismissed a recidivist action filed by the State after the State had timely amended its original recidivist information to correct an immaterial clerical error to a citation contained in the original information.

After considering the parties' written and oral arguments, the appendix record, and the applicable law, the Court finds that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons set forth below, we grant the State's petition for writ of prohibition.

Defendant was convicted of one felony count of fleeing with reckless indifference in violation of West Virginia Code section 61-5-17(f), and one misdemeanor count of fleeing on foot in violation of West Virginia Code section 61-5-17(d). On February 10, 2022, immediately after

---

[1] The circuit court presumably entertained the State's motion for reconsideration due to defendant's late filing of the motion to dismiss on the morning of October 17, 2022, which was the day of the pretrial. As the State indicated in its motion, "due to the late filing of the motion [to dismiss], and the clear case law to the contrary, the State asks this Court to RECONSIDER its ruling on the Defendant's Motion to Dismiss and proceed with the Recidivism Trial in 22-F-8."

1

defendant's convictions, the State filed a recidivist information against defendant.[2] In addition to the above-referenced felony conviction, the State alleged that defendant was "the same individual convicted" of two prior qualifying offenses (federal felony possession with intent to distribute cocaine base and felon in possession of a firearm; state felony offense of wanton endangerment). Finally, the State alleged that "Lateef MCGANN is a habitual offender and because of LATEEF MCGANN's prior listed convictions, he shall be sentenced to life in prison pursuant to W. Va. Code § 61-11-18(c)."

In the allegation pertaining to sentencing the State subsequently found a clerical error in the information: it identified the statutory authority for recidivist life enhancement as West Virginia Code section 61-11-18(c),[3] which addresses the recidivist penalty for the qualifying offense of murder, rather than West Virginia Code section 61-11-18(d),[4] which correctly addresses defendant's status as a third-time offender.

On February 28, 2022, prior to defendant's arraignment on the original recidivist charge, the State e-filed an amended information correcting the citation error. Although the amended information contained the same criminal action number (22-F-8) as the original recidivist information, it was e-filed in the underlying criminal action (21-F-248) rather than in the recidivist action (22-F-8) where the original information had been filed.[5] Despite this filing error, defendant does not argue that he did not receive the amended information when it was filed.

---

[2] The Legislature designated the crime of fleeing with reckless indifference, W. Va. Code § 61-5-17(f), as a "qualifying offense" in West Virginia Code section 61-11-18(a).

[3] *See* W. Va. Code § 61-11-18(c) (providing that a person "shall be punished by imprisonment in a state correctional facility for life and is not eligible for parole[]" for recidivism where the person had been previously convicted of first degree murder, second degree murder, or sexual assault in the first degree as set forth in section 61-8B-3).

[4] *See id.* § 61-11-18(d) (providing that a person who "shall have been twice before convicted in the United States of a crime . . . which has the same or substantially similar elements as a qualifying offense, the person shall be sentenced to imprisonment in a state correctional facility for life[]" within certain specified limitations as provided).

[5] The State represents that "[i]n some counties, such as Berkeley, a new case number is generated in which to file the recidivist matter and all associated pleadings and orders. In others, such as Monongalia County, recidivist proceedings are filed exclusively within the triggering felony's case number." We question the practicality of the procedure used in Berkeley County, as a recidivist action is integrally connected with the underlying qualifying criminal conviction. The practice of generating an entirely new case file for a recidivist information presents an open invitation for the potential to erroneously file a document in the related underlying criminal action (that actually occurred in this case) instead of the recidivist action. Nonetheless, when this type of error occurs, it can and should be easily resolved by the clerk's office notifying the State of the filing error so that the information can be placed in the correct file.

On March 9, 2022, defendant was arraigned after the amended information was filed.[6] According to the "Arraignment Order" entered on March 11, 2022, the circuit court advised defendant that if he "admitted he was the same" individual as described in the information, "the Court would sentence him pursuant to W. Va. Code § 61-11-18." Defendant exercised his right to remain silent and "waive[d] the reading of the information in open court." Following the arraignment, defendant's counsel withdrew, new counsel was appointed, and the State served defendant's new counsel with the amended information as part of discovery.

On October 17, 2022, the day on which the circuit court had scheduled a pretrial hearing to resolve two previously filed motions to dismiss,[7] defendant filed a third motion to dismiss the recidivist information based upon the State's clerical error in the original information: the citation to West Virginia Code section 61-11-18. Specifically, defendant argued, relying on *State ex rel. Ringer v. Boles*, 151 W. Va. 864, 157 S.E.2d 554 (1967), and *Holcomb v. Ballard*, 232 W. Va. 253, 752 S.E.2d 284 (2013),[8] that

> [b]efore this Court now is an information that cites the wrong section of the statute. The information cites to the section regarding murder, 61-11-18(c). As the following term of court expired the third Tuesday of May 2022, the statute cannot be bent by a curative motion to permit the matter to proceed. It appears that the State at some point became aware of the defect in the information and even drafted an amended information which was provided to the defense in discovery. No amended information was filed, and defendant was brought before this Court on 10 March 2022 on the information currently before this Court. Were this matter a common law criminal case a motion to amend might be made and granted. This is entirely a statutory case, however, and no such cure is available to the State. This matter now is beyond statutory reach.

After the hearing, the circuit court granted defendant's motion. In its October 20, 2022, order, the court found that the amended information had been "filed in the defendant's recent felony case styled 21-F-248 rather than in this case 22-F-8." The court determined that the recidivist statutes are to be construed in favor of the defendant, that a harmless error analysis was prohibited, and that the error "[wa]s not curable as the following term of court expired in May of this year."

---

[6] The "amended information" was not specifically mentioned during the arraignment before the circuit court.

[7] Defendant filed three separate motions to dismiss the information. The first two – a motion to dismiss based upon language in the plea agreement from the 2008 conviction precluding the State from seeking a later recidivist enhancement, and a motion to dismiss based on defendant's claim that a lifetime enhancement was disproportionate to the qualifying and predicate offenses – were both denied by the circuit court and are not the subject of this original proceeding before the Court.

[8] Both *Ringer* and *Holcomb* are discussed *infra* in greater detail.

On October 19, 2022, the State filed a motion for reconsideration, acknowledging the defect in the original recidivist information but arguing that it was merely a scrivener's error which had been corrected less than twenty days later when an amended information was filed. The State argued that it had never alleged that the defendant was previously convicted of murder, but rather sought recidivist enhancement due to the defendant's status as a third-time habitual offender. The State asserted that "[d]efendant, and the [c]ourt were in possession of the Amended Recidivist Information of the 9th day of March 2022, when the Defendant was presented for arraignment on those allegations[]" and were properly on notice of the charge against him. The State argued that defendant "was confronted with the *Amended* Recidivist Information and, when asked by the Court if he was the same Lateef McGann twice previously convicted as described in the Information, the Defendant chose to remain silent." (Footnote omitted). More precisely, the State argued that the substance of the arraignment – whether in regard to the original information or the amended information – "would have been identical" because the prior qualifying convictions were unchanged. Finally, in regard to defendant's arguments that both the original and the amended informations were defective – the former due to an incorrect statutory citation and the latter due to being filed in defendant's related underlying criminal action – the State argued that West Virginia does not treat these type of immaterial defects in a recidivist information as fatal. *See State v. Crabtree*, 198 W. Va. 620, 634, 483 S.E.2d 605, 619 (1996). Thus, the State contended that because defendant had notice of the nature of the recidivist action against him, including the qualifying convictions relied upon, the scrivener's error should be found to be harmless as it neither prejudiced nor surprised defendant in any way.

The circuit court held a hearing on the motion on November 17, 2022. By order entered on November 22, 2022, it denied petitioner's motion to reconsider its prior ruling, finding that "the erroneous citation in the State's original information was error. Further, the State's attempt to remedy the error by filing an amended information in 21-F-248 instead of in 22-F-8 was not harmless error."

The State filed a petition for writ of prohibition with this Court on December 21, 2022, seeking to prevent the circuit court from dismissing the recidivist information. We previously held in syllabus point one of *State ex rel. Smith v. Olejasz*, 245 W. Va. 799, 865 S.E.2d 820 (2021), that

> "[t]he State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented." Syllabus Point 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded by statute on other grounds as recognized by State v. Butler*, 239 W. Va. 168, 799 S.E.2d 718 (2017).

The Court has also established the foregoing framework to be used in determining whether a writ of prohibition should be granted:

> "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

In support of the requested writ of prohibition, the State's argument, at its core, is that that the circuit court exceeded its legitimate powers when it committed clear error by dismissing the recidivist information due to an immaterial clerical error in a citation, despite the State's timely filing of an amended information to correct that error. In taking this action, the State contends, the court erroneously found that an immaterial error in a recidivist information constituted a procedural, jurisdictional defect pursuant to *Holcomb* and was therefore not subject to a harmless error analysis. *See* 232 W. Va. at 253, 752 S.E.2d at 285, Syl. Pt. 1 (holding that "[t]he procedural recidivist requirements of W. Va. Code § 61-11-19 (1943) (Repl.Vol.2010) are mandatory, jurisdictional, and not subject to harmless error analysis[,]" and discussed *infra* in greater detail).

Conversely, defendant argues that the circuit court did not err in finding that the State's initial recidivist information was not timely amended by the filing of an amended information in a "different case file," that the State's error was a jurisdictional defect as set forth in *Holcomb* and was therefore not subject to a harmless error analysis, and that the court did not exceed its legitimate powers by granting defendant's motion to dismiss.[9]

---

[9] We note that during oral argument, defendant also relied upon *State ex rel. Housden v. Adams*, 143 W. Va. 601, 103 S.E.2d 873 (1958). However, defendant's summary response failed to include any citation to or discussion of this case in violation of Rule 10(e) of the West Virginia Rules of Appellate Procedure (providing that a summary response "clearly exhibit[] the points of fact and law being presented and the authorities relied on[]"). In any event, we find that *Housden* is not controlling, and in light of the Rule 10(e) violation see no need to discuss it.

West Virginia Code section 61-11-19 establishes the procedural requirements for a recidivist information:

> A prosecuting attorney, when he or she has knowledge of a former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary, may give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the next term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he or she is the same person or not. If he or she says he or she is not, or remains silent, his or her plea, or the fact of his or her silence, shall be entered of record, and a jury shall be impaneled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he or she is not the same person, he or she shall be sentenced upon the charge of which he or she was convicted as provided by law; but if they find that he or she is the same, or after being duly cautioned if he or she acknowledged in open court that he or she is the same person, *the court shall sentence him or her to such further confinement as is prescribed by § 61-11-18* of this code on a second or third conviction as the case may be

(Emphasis added).

This Court has distilled the foregoing statutory jurisdictional requirements for a recidivist information to three main components: "a recidivist information is sufficient if it alleges a previous conviction with such particularity as to give reasonable notice to the defendant: (1) of the nature and character of the previous conviction; (2) of the court wherein the previous conviction occurred; and (3) that the identity of the person previously convicted is the same as the defendant." Syl. Pt. 3, *State v. Hillberry*, in part, 233 W. Va. 27, 754 S.E.2d 603 (2014); *see* W. Va. Code § 61-11-19. Fundamentally, there is no requirement in either the statute or our case law that the "punishment," i.e., sentencing, statute, W. Va. Code § 61-11-18, be included or even referenced in a recidivist information, as the directive of West Virginia Code section 61-11-19 is that *the circuit court* "shall sentence" defendant to further confinement as prescribed by section 61-11-18.

The Court has found that the failure of the State or the circuit court to abide by the *mandatory, jurisdictional statutory* requirements of the recidivist statute is fatal to its enforcement. *See Holcomb,* 232 W. Va. at 253, 752 S.E.2d at 285, Syl. Pt. 1. In this regard, both *Ringer* and *Holcomb* involved mandatory, jurisdictional statutory deficiencies. In *Ringer*, a recidivist information was filed by the prosecutor following the defendant's criminal conviction, during the same term of court, and before sentence was imposed. 151 W. Va. at 868, 157 S.E.2d at 556-57. At the recidivist hearing, the defendant denied that he was the same person named in the

information and the trial court then determined that he was. The court then sentenced the defendant as a habitual offender. *Id*.

On appeal, the Court voided the recidivist sentence, holding, in part, that

> when, upon inquiry by the trial court, the prisoner denies that he is the same person as the one alleged in the information to have been convicted previously of a felony, it is the mandatory duty of the court, under the provisions of the statute, to impanel a jury to determine whether the prisoner is the same person previously convicted as alleged in the information. The procedure being wholly statutory, the trial court in such circumstances has no jurisdiction to try that issue in lieu of a jury upon testimony taken at the bar of the court.

*Id*. at 864-65, 157 S.E.2d at 554-55, Syl. Pt. 1, in part.

In *Holcomb*, the defendant was convicted of child neglect causing injury or death and a recidivist information was filed the same day charging that petitioner had been convicted of five felony offenses. He was convicted of the recidivist charges and sentenced to life imprisonment. 232 W. Va. at 254-55, 752 S.E.2d at 285-86. Thereafter, he moved for a new trial, which was granted. *Id*. at 254, 752 S.E.2d at 285. After a second trial, the defendant was again convicted of a child neglect felony and a new recidivist information ("the second information") seeking a life sentence was filed the next day. The defendant was not served with a copy of the second information until the last day of the term of court. The defendant was not arraigned on the second information until the next term of court. He was ultimately found guilty on the second recidivist information and sentenced to life imprisonment. *Id*. at 255, 752 S.E.2d at 286.

On appeal, the defendant argued in *Holcomb* that the second recidivist life sentence was invalid because he was not arraigned on the recidivist information during the same term of court in which he was convicted for the underlying offense. *Id*. The circuit court had found this error to be harmless. However, the State conceded that the second recidivist proceeding was invalid because the defendant was not arraigned in the same term of court in which he was convicted of the underlying offense, as mandated by the recidivist statute, and asked this Court to remand for imposition of a life sentence pursuant to the defendant's conviction in the first recidivist proceeding.[10] *Id*. This Court agreed that because the defendant had not been arraigned within the mandatory time constraints of West Virginia Code section 61-11-19, his recidivist conviction must be reversed. We held in syllabus point one that "[t]he procedural recidivist requirements of W. Va. Code § 61-11-19 (1943) (Repl.Vol.2010) are mandatory, jurisdictional, and not subject to harmless error analysis." 232 W. Va. at 253, 752 S.E.2d at 285, Syl. Pt. 1.

---

[10] The Court easily dispensed with the State's argument by holding that "[a] recidivist sentence under W. Va. Code § 61-11-19 (1943) (Repl.Vol.2010) is automatically vacated whenever the underlying felony conviction is vacated." *Holcomb*, 232 W. Va. at 253, 752 S.E.2d at 285, Syl. Pt. 3.

Here, our review of both the original information and the amended information demonstrates that both met all the aforementioned procedural requirements of West Virginia Code section 61-11-19; *see Hillberry*, 233 W. Va. at 29, 754 S.E.2d at 606, Syl. Pt.3, in part. The fact that the original information contained a scrivener's error in the citation of a sentencing provision[11] was wholly immaterial, as it was not one of the mandatory jurisdictional provisions in the statute intended to provide defendant with "reasonable notice." *See id.* Further, defendant does not dispute that the factual allegations contained in both the original information and amended information provided him with "reasonable notice." *See id.* To the contrary, defendant attacks the original recidivist information solely on the ground that it contained a citational error, and the amended information solely on the ground that it was incorrectly filed in "a different case file" – defendant's related underlying criminal action.

We find that the error in the original information did not impact any of the procedural requirements of the statute and was therefore immaterial. Accordingly, a harmless error analysis was appropriate. *See Hillberry*, 233 W. Va. at 35, 754 S.E.2d at 611 (finding no reversible error where "[t]he information listed the previous criminal convictions with particularity, because it identified the nature and character of the previous offenses, identified the courts where the previous convictions occurred, and it identified the defendant as the same person previously convicted of those offenses"); *Gardner v. Ballard*, No. 13-1301, 2014 WL 5546202, at *4 (W. Va. Nov. 3, 2014) (determining that a clerical error in the recidivist information in regard to an incorrect sentence listed in the information was harmless); *Crabtree*, 198 W. Va. at 633-34, 482 S.E.2d at 618-19 (finding that the circuit court allowing the State's oral amendment to the wording of the information during the recidivist proceedings was not an abuse of discretion).

Additional support for our determination that the scrivener's error in the original recidivist information was harmless error is found in Rule 7 of the West Virginia Rules of Criminal Procedure. Rule 7(c)(3) provides: "*Harmless Error*. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of the conviction if the error or omission did not mislead the defendant to his or her prejudice." The error in this case was undisputedly an "[e]rror in the citation," which under Rule 7 is not a ground for dismissal of an information unless it "mislead[s] the defendant to his or her prejudice." *Id.* Defendant does not allege being misled to his prejudice from the State's immaterial clerical error nor, and our review of the appendix record reveals no evidence that he was misled. Rule 7(c)(3) therefore supports our conclusion that the State's clerical error in citing the incorrect subsection citation to West Virginia Code section 61-11-18 was harmless error.

Moreover, with respect to the circuit court's refusal to consider the amended information to have been timely filed simply because it was electronically filed in defendant's underlying criminal action rather than in the recidivist action, *see* text *supra*, we find our decision in *Crabtree* controlling. *See* 198 W. Va. at 633-34, 482 S.E.2d at 618-19. As previously discussed, in *Crabtree* the defendant argued that the circuit court erred in allowing the State to orally amend the information during the recidivism proceeding to correct a typographical error. *Id.* Specifically, the defendant argued that amending one of the prior convictions, "breaking and entering," to

---

[11] *See* W. Va. Code § 61-11-18.

8

"entering without breaking" was a material change and "could only be made in the same term as the last felony conviction relied upon for the information." *Id*. at 633, 482 S.E.2d 619. We easily dispensed with this alleged error, finding that the correction was not a material change to the information:

> the trial judge found that copies of the convictions were attached to the information provided to the defendant and, therefore, the defendant had notice that it was a typographical error. Thus, there was no element of surprise to the defendant when the error was corrected and the defendant was not prejudiced by the change.

*Id*. at 634, 482 S.E.2d at 619.

Similarly, in the instant case defendant was arraigned on the original information filed against him and had been provided with a copy of the amended information prior to the March 9, 2022, arraignment. As in *Crabtree*, defendant had notice of the clerical citational error[12] and, as previously discussed, there was no element of surprise or prejudice to him. *See id*. Critically, however, in this case – unlike *Crabtree* – both the original information and amended information were filed during the same term of Court as defendant's underlying conviction. *See id*. at 633-34, 482 S.E.2d at 618-19. For these reasons, we conclude that the circuit court clearly erred in finding the amendment to the original information to be untimely, and thus disallowing it, simply because the amended information was filed in defendant's related underlying criminal case. Simply stated, because defendant was on notice of the immaterial scrivener's error in the original information and also on notice of the amended information which was limited to correcting that error, and because both the original and amended informations were filed within the same term of court as defendant's underlying conviction, the amended information was timely filed as a matter of law.

Consequently, pursuant to the factors enunciated in *Hoover*, we grant the State a writ of prohibition. *See* 199 W. Va. at 14-15, 483 S.E.2d at 14-15, Syl. Pt. 4. The State lacks the ability to pursue a direct appeal or otherwise challenge the circuit court's ruling other than by seeking extraordinary relief. Moreover, the circuit court erred as a matter of law in its decision to dismiss the recidivist proceedings.

For the foregoing reasons, the Circuit Court of Berkeley County is prohibited from enforcing its November 22, 2022, order (and related October 20, 2022, order) which granted defendant's motion to dismiss the recidivist action.

Writ Granted.

ISSUED:     May 26, 2023

---

[12] Defendant does not dispute that he possessed a copy of the amended information at that arraignment and was provided an additional copy of the amended information as part of discovery provided to defendant upon being appointed new counsel (which occurred prior to the filing of the motions to dismiss).

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn